1  SEYFARTH SHAW LLP
   NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
2  JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   NEW UNITED MOTOR MANUFACTURING, INC.
6  (sued incorrectly herein as "NEW UNITED MOTORS
   MANUFACTURING, INC.")
7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10 REGINALD EDWARD/ELLIS,              )   Case No. C07-05452 WHA
                                       )
11         Plaintiff,                  )   STATE COURT CASE NO.: HG07340547
                                       )   (Superior Court of California, Alameda
12    v.                               )   County)
                                       )
13 NEW UNITED MOTORS                   )   **NOTICE OF REMOVAL OF ACTION
   MANUFACTURING INC., and DOES 1      )   UNDER 28 U.S.C. § 1441(b)**
14 through 13,                         )
                                       )   (Federal Question Jurisdiction)
15         Defendants.                 )
                                       )
16                                     )

17         TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

18 OF CALIFORNIA AND TO *PRO PER* PLAINTIFF REGINALD EDWARD/ELLIS:

19         PLEASE TAKE NOTICE that defendant New United Motor Manufacturing, Inc.

20 ("Defendant") (sued incorrectly herein as "New United Motors Manufacturing, Inc.") removes

21 this action based on the following facts and applicable law:

22         1.   On August 14, 2007, plaintiff Reginald Edward/Ellis ("Plaintiff") commenced an

23 action in the Superior Court of the State of California in and for the County of Alameda, titled

24 *Reginald Edward/Ellis vs. New United Motors and Does 1 through 13*, Case No. HG07340547,

25 by filing a complaint. This complaint was not properly served on Defendant, as it was left in a

26 lock box at Defendant's main gate. On September 28, 2007, Plaintiff filed a First Amended

27 Complaint ("FAC"). (True and correct copies of both complaints are attached hereto as **Exhibit**

28 **A**.) The FAC was initially served improperly, being left in the aforementioned lock box on

Notice of Removal

1. October 1, 2007. The FAC was subsequently served on Defendant's registered agent. Accordingly, this Notice of Removal is timely.

2. Attached hereto as **Exhibit B** are true and correct copies of the process, pleadings, notices, and orders served upon Defendant in this action that are not encompassed as part of Exhibit A. 28 U.S.C. § 1446(a).

3. **JURISDICTION**: This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is thus one which Defendant is entitled to remove to this Court pursuant to 28 U.S.C. § 1441, in that it necessarily arises under Section 301 ("Section 301") of the Labor Management Relations Act, 29 U.S.C. § 185.

4. Plaintiff's state court FAC purports to allege causes of actions for termination in violation of public policy, breach of written contract of continued employment, and possibly defamation (Plaintiff refers to "defamation" under the case number to the right of the case caption on the first page of the FAC, but the body of the complaint does not specify a third cause of action for defamation, nor does the word "defamation" appear in any form in the body of the FAC).

5. At the time of the events alleged in the FAC, Plaintiff was employed by Defendant and was covered by a collective bargaining agreement ("CBA") governing the terms and conditions of Plaintiff's employment. The agreement was entered into by Defendant and Plaintiff's collective bargaining representative, UAW Local 2244 (the "Union"), a labor organization within the meaning of 29 U.S.C. § 185. The CBA was in full force and effect during the time period relevant to the FAC.

6. Plaintiff's breach of contract cause of action purports to be based on a "written contract" and/or an "employment contract" between Plaintiff and Defendant that pertained to Plaintiff's employment with Defendant. FAC, ¶ 9. The FAC makes no reference to the fact that Plaintiff was a member of the Union during his employment with Defendant, nor does it mention that the terms and conditions of Plaintiff's employment with Defendant were governed by the CBA. The FAC makes no reference at all to the Union or the CBA.

7. Plaintiff's breach of contract claim is central to, inextricably intertwined with, and

substantially dependent upon an interpretation of the terms of the CBA. Subsection (a) of Section 301 states:

> Suits for **violation of contracts between an employer and a labor organization** representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, **may be brought in any district court of the United States having jurisdiction of the parties**, without respect to the amount in controversy or without regard to the citizenship of the parties. (Emphasis added.)

Therefore, his claim for breach of contract must necessarily be a claim for breach of the CBA. Because his lawsuit alleges a "violation of [a] contract[] between an employer and a labor organization," this Court has original jurisdiction.

8. Plaintiff's breach of contract claim addresses, concerns, and pertains directly to rights and obligations which arise from the CBA itself, and therefore cannot be evaluated without considering the provisions of the CBA. Hence, the claim arises under, and is preempted by, Section 301. *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (where evaluation of state law claim is "inextricably intertwined" with the terms of a collective bargaining agreement, such claim actually arises under federal labor law and is preempted); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285-86 (9th Cir. 1989) (state law claim for breach of contract preempted by Section 301 because the claim concerned a job position governed by a collective bargaining agreement); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-99 (9th Cir. 1987) (state law claim for breach of contract preempted by Section 301 because subject matter of alleged contract was a job position governed by a collective bargaining agreement).

9. Because Plaintiff's claim is pleaded in terms of state common law but in fact was derived from the CBA, the Court must recharacterize it as arising under Section 301. Plaintiff may not conceal the federal character of his claim by "artfully pleading" it in state law terms. *See, e.g., Allis-Chalmers Corp.*, supra, 471 U.S. at 210-11; *Young*, supra, 830 F.2d at 999; *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). As Plaintiff's claim arises under federal labor law, which preempts any collateral state law claims based on the same facts, this

Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. §§ 1441 and 1446. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987); *Newberry v. Pac. Racing Association*, 854 F.2d 1142, 1146-47 (9th Cir. 1988).

10. Plaintiff's claim for wrongful termination in violation of public policy is similarly preempted by Section 301. The applicable CBA establishes grounds for which an employee may be terminated, and Plaintiff claims that Defendant violated an "agreement" by terminating him. Thus, this claim is inextricably intertwined with the provisions of the CBA, and is preempted.

11. To the extent that Plaintiff is asserting any other claims, they are also preempted or fall within this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), as they relate to and emanate from the same facts and transactions underlying Plaintiff's preempted claims, thus forming part of the same "case or controversy." Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove all of Plaintiff's claims to this Court.

12. **INTRADISTRICT ASSIGNMENT**: Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the state court action was filed in this district, and this is the judicial district in which the action arose.

13. Defendant has not yet answered the FAC, but will do so in accordance with Fed. R. Civ. P. 81(c).

14. Defendant, upon filing this Notice of Removal, is also filing a copy of this Notice of Removal with the Clerk of the Superior Court of the County of Alameda to effect this removal in accordance with 28 U.S.C. § 1446(d).

///
///
///
///
///
///
///
///

WHEREFORE, Defendant gives notice that the above action, which was pending in the Superior Court of California, County of Alameda, is hereby removed to the United States District Court for the Northern District of California.

DATED: October 25, 2007

SEYFARTH SHAW LLP

By _____
Jonathan D. Martin

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.(sued incorrectly herein as "NEW UNITED MOTORS MANUFACTURING, INC.")

5

Notice of Removal

**DISCLOSURE OF INTERESTED ENTITIES/PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Plaintiff Reginald Edward/Ellis
2. Defendant New United Motor Manufacturing, Inc.
3. General Motors
4. Toyota Manufacturing

DATED: October 25, 2007                         SEYFARTH SHAW LLP

By _____
Jonathan D. Martin

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC. (sued incorrectly herein as "NEW UNITED MOTORS MANUFACTURING, INC.")

SF1 28304988.1

6

Notice of Removal