1  SEYFARTH SHAW LLP
   NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
2  JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   NEW UNITED MOTOR MANUFACTURING, INC.
6  (sued incorrectly herein as "NEW UNITED MOTORS
   MANUFACTURING, INC.")
7

8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11 REGINALD EDWARD/ELLIS,           )  Case No. C07-05452 WHA
                                    )
12         Plaintiff,                )  **DEFENDANT NEW UNITED MOTOR
                                    )  MANUFACTURING, INC.'S ANSWER
13    vs.                           )  TO PLAINTIFF'S COMPLAINT**
                                    )
14 NEW UNITED MOTORS                )
   MANUFACTURING INC., and DOES 1   )
15 through 13,                      )
                                    )
16         Defendants.               )
                                    )
17 _____  )

18     Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI" or

19 "Defendant") (sued incorrectly herein as "NEW UNITED MOTORS MANUFACTURING,

20 INC.") hereby answers Plaintiff REGINALD EDWARD/ELLIS' ("Plaintiff") First Amended

21 Complaint for Damages for Tortious Discharge, in Violation of Public Policy, Breach of

22 Contract, and Defamation ("Complaint") as follows.

23     1.   Answering Paragraph 1 of the Complaint, NUMMI admits that it is, and at all

24 times relevant to this lawsuit has been, a corporation organized and existing under the laws of the

25 State of California with its principal place of business in Alameda County, California. Except as

26 expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 1.

27     2.   Answering Paragraph 2 of the Complaint, NUMMI is unable to respond to the

28 first sentence thereof as it is generally unintelligible, and on that basis denies same. NUMMI

1

lacks information sufficient to form a belief as to the remaining sentences of Paragraph 2, and on that basis denies same.

### FIRST CAUSE OF ACTION - TERMINATION IN VIOLATION OF PUBLIC POLICY

3. Answering Paragraph 3 of the Complaint, NUMMI admits the allegations contained in Paragraph 3, except that it lacks knowledge and information sufficient to form a belief as to the reference to "(Exhibit A)" and on that basis denies same.

4. Answering Paragraph 4 of the Complaint, NUMMI is unable to respond to Paragraph 4 as it is generally unintelligible, and on that basis denies same.

5. Answering Paragraph 5 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 7.

### SECOND CAUSE OF ACTION – BREACH OF WRITTEN CONTRACT OF CONTINUED EMPLOYMENT

8. Answering Paragraph 8 of the Complaint, NUMMI admits that it employed Plaintiff from May 21, 2001 until May 24, 2006. Except as expressly admitted, NUMMI denies each and every allegation contained in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, NUMMI denies each and every allegation contained in Paragraph 13.

## RESPONSE TO PRAYER FOR RELIEF

In response to Paragraphs 1 through 3 of Plaintiff's prayer for relief (beginning with the word "Wherefore" immediately following Paragraph 13 of the body of the Complaint), NUMMI denies that Plaintiff is entitled to any of the relief which he seeks in those Paragraphs.

## DEFENSES

## FIRST DEFENSE

### (Failure to State A Cause of Action)

The Complaint and each purported cause of action attempted to be stated therein fails to state facts sufficient to constitute a cause of action.

## SECOND DEFENSE

### (No Injury)

Plaintiff has sustained no injury or damages by reason of any act of NUMMI.

## THIRD DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute(s) of limitations including, but not limited to, Labor Management Relations Act, 29 U.S.C. § 160(b).

## FOURTH DEFENSE

### (Any Adverse Actions Would Have Been Taken In Any Event)

The damages Plaintiff seeks are barred in whole or in part because any adverse employment actions taken by NUMMI against Plaintiff would have been taken in any event.

## FIFTH DEFENSE

### (Workers' Compensation Preemption)

Plaintiff's claims are barred and preempted by the exclusivity provisions of the California Workers' Compensation Act. California Labor Code section 3600 *et seq.*

## SIXTH DEFENSE

### (Good Faith)

Any statement or actions alleged by Plaintiff to have been made or done by NUMMI, and upon which his causes of action are premised, and if made or done, were made or done after investigation and on the basis of reasonable grounds for belief in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and without malice.

## SEVENTH DEFENSE

### (Legitimate Lawful Factors)

Plaintiff is not entitled to the relief requested because any adverse employment action(s) taken against him were based on legitimate and lawful factors.

## EIGHTH DEFENSE

### (Exercise of Management Discretion)

Any and all conduct of which Plaintiff complains or that is attributed to NUMMI was a just and proper exercise of management discretion on the part of NUMMI undertaken for a fair and honest reason.

## NINTH DEFENSE

### (Action in Accordance with Federal and State Law)

If NUMMI did the acts complained of in Plaintiff's Complaint, which it denies, then such acts were privileged, justified and/or taken in accordance with federal and state law.

## TENTH DEFENSE

### (Constitutional Privilege - Matter of Public Concern)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against NUMMI because the alleged statements relate to a matter of public concern, and thus are constitutionally protected in the absence of fault.

## ELEVENTH DEFENSE

### (Truth)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against NUMMI because the alleged statements were true, or substantially true.

## TWELFTH DEFENSE

### (Libel/Slander Mitigation)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against NUMMI because the alleged statement was made in good faith, honestly, and not maliciously.

## THIRTEENTH DEFENSE

### (Cal. Civil Code section 47(c) Qualified Privilege)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against NUMMI because the alleged statements were made without malice, to a person or persons interested therein, by NUMMI, who also was interested in the communication.

## FOURTEENTH DEFENSE

### (Opinions Not Statements of Fact)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against NUMMI because the statements allegedly made were opinion, not statements of fact.

## FIFTEENTH DEFENSE

### (No Legally Protected Privacy Interest)

Plaintiff had no legally protected privacy interest in the matters allegedly published.

## SIXTEENTH DEFENSE

### (No Reasonable Expectation of Privacy)

Plaintiff had no reasonable expectation of privacy in the matters allegedly published.

5
Defendant's Answer to Plaintiff's Complaint – Case No. C07-05452 WHA

## SEVENTEENTH DEFENSE

**(No Serious Invasion of Protected Privacy Interest)**

NUMMI's conduct did not amount to a serious invasion of a protected privacy interest.

## EIGHTEENTH DEFENSE

**(Intrusion Not Offensive or Objectionable to Reasonable Person)**

NUMMI's alleged intrusion was neither offensive or objectionable to a reasonable person nor into matters of a personal or sexual nature.

## NINETEENTH DEFENSE

**(After-Acquired Evidence)**

Plaintiff's purported claims are barred to the extent that he engaged in any fraud or misconduct which, if known, would have caused Plaintiff to be terminated, suspended, or would have caused NUMMI not to hire him.

## TWENTIETH DEFENSE

**(Failure to Mitigate)**

Plaintiff is not entitled to back pay and/or other damages, to the extent that he has failed to seek and obtain other employment and otherwise failed to mitigate his alleged loss of wages or other damages.

## TWENTY-FIRST DEFENSE

**(Indemnification)**

Should Plaintiff recover damages from NUMMI, NUMMI is entitled to indemnification, either in whole or in part, from persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any.

## TWENTY-SECOND DEFENSE

**(Section 301 Preemption)**

The contract of employment under which Plaintiff purports to state claims was at all times a contract between an employer and a labor organization subject to the Labor Management Relations Act of 1947 (29 U.S.C. § 141, *et seq.*), which preemptively governs any and all of Plaintiff's purported claims under the agreement, 29 U.S.C. § 185.

### TWENTY-THIRD DEFENSE

**(Failure to Exhaust Contractual Grievance Procedure)**

Each of the purported claims set forth in Plaintiff's Complaint that is expressly or impliedly based upon an alleged violation of the applicable collective bargaining agreement is barred by Plaintiff's failure to exhaust the grievance and arbitration procedure of that collective bargaining agreement.

### TWENTY-FOURTH DEFENSE

**(Arbitration as Exclusive Remedy)**

Each of the purported claims set forth in Plaintiff's Complaint is barred and preempted by the exclusivity of the arbitration provision of the collective bargaining agreement, 29 U.S.C. § 185.

### TWENTY-FIFTH DEFENSE

**(Failure to State Cause of Action for Attorney Fees)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action for attorneys' fees against NUMMI.

### TWENTY-SIXTH DEFENSE

**(Comparative Negligence)**

If NUMMI is judged to be liable to Plaintiff, any such judgment must be reduced by an amount equal to that portion of the judgment in proportion to the comparative negligence and/or fault of the Plaintiff and/or other individuals or entities causing Plaintiff's damages.

### TWENTY-SEVENTH DEFENSE

**(Waiver)**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-EIGHTH DEFENSE

**(Estoppel)**

Plaintiff is equitably estopped from asserting the claims alleged in his Complaint because Plaintiff has, by his own conduct, intentionally induced and caused the alleged conduct of which he now complains.

## TWENTY-NINTH DEFENSE

### (Laches)

The Complaint as a whole and each purported cause of action alleged therein is barred in whole or in part by the doctrine of laches.

## THIRTIETH DEFENSE

### (Labor Code §§ 2854 and 2856)

Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## THIRTY-FIRST DEFENSE

### (Set-Off)

NUMMI is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of NUMMI or others, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

## THIRTY-SECOND DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTY-THIRD DEFENSE

### (Failure to State Claim for Punitive Damages)

Plaintiff fails to state facts sufficient to constitute a claim for punitive damages against NUMMI.

## THIRTY-FOURTH DEFENSE

### (Unconstitutionality of Punitive Damages)

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

Defendant's Answer to Plaintiff's Complaint – Case No. C07-05452 WHA

## NUMMI'S REQUEST FOR COSTS AND ATTORNEYS' FEES

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this Complaint, NUMMI has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this meritless case, and NUMMI is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

WHEREFORE, NUMMI prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety, with prejudice;
3. That NUMMI be awarded reasonable attorneys' fees, expenses, and costs of suit in an amount to be determined by the Court;
4. That NUMMI be awarded interest and all sums provided by law; and
5. Such other and further relief as the Court deems proper.

DATED: October 29, 2007                                         SEYFARTH SHAW LLP


By: _____
         Jonathan D. Martin

Attorneys for Defendant
NEW UNITED MOTOR
MANUFACTURING, INC.
(sued incorrectly herein as "NEW UNITED
MOTORS MANUFACTURING, INC.")

SF1 28304885.1

9

Defendant's Answer to Plaintiff's Complaint – Case No. C07-05452 WHA

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On October 29, 2007, I served the within documents:

**DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ I sent such document from facsimile machine (415) 397-8549 on October 29, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Reginald Edward/Ellis
P.O. Box 1543
San Leandro, CA 94577
(510) 377-2799

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on October 29, 2007, at San Francisco, California.

*Denise L. Quintana* (signature)
Denise L. Quintana