SEYFARTH SHAW LLP
NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.
(sued incorrectly herein as "NEW UNITED MOTORS MANUFACTURING, INC.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NEW UNITED MOTORS MANUFACTURING INC., and DOES 1 through 13,<br><br>　　　　Defendants. | Case No. C07-05452 WHA<br><br>**DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S RESPONSE TO ORDER TO SHOW CAUSE** |

Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI" or "Defendant") hereby responds to the Order to Show Cause issued by the Court on November 13, 2007.

Plaintiff REGINALD EDWARD/ELLIS ("Plaintiff") has asserted a claim against Defendant for breach of contract. During his employment with Defendant, he was a member of a union (UAW Local 2244) and there was a collective bargaining agreement ("CBA") that governed his employment with Defendant. (See accompanying Declaration of Rachel L. Petty ["Petty Decl."], ¶ 2 & Exh. A.) He was terminated for falsifying information on a company document by identifying himself on his employment application with a fake name, and using that fake name to make workers' compensation claims, collect benefits and receive compensation. Petty Decl., ¶ 3.

1

1   The subject matter of the contract Plaintiff claims was breached is a job position covered
2   by a CBA. Because any "independent agreement of employment [concerning that job position]
3   could be effective only as part of the collective bargaining agreement," the CBA controls and the
4   contract claim is preempted. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.
5   1987); *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("any
6   independent agreement of employment could be effective only as part of the collective
7   bargaining agreement"). In other words, because Plaintiff is alleging the existence of a contract
8   that covered his job, and his job was actually governed by a CBA, his claim is necessarily one
9   for breach of the CBA, and therefore is preempted by federal law, which means that this Court
10  has jurisdiction over this action.

11  Indeed, Plaintiff submitted a grievance over his termination, claiming that Defendant
12  breached a particular article of the CBA, and one of Defendant's Standards of Conduct. Petty
13  Decl., ¶ 4 & Exh. B. In particular, he claimed that Defendant breached Article XI of the CBA,
14  though he did not specify exactly what provision in this Article was allegedly breached.
15  Nonetheless, an interpretation and/or analysis of this Article would be required to determine
16  whether there was a breach of contract by Defendant, as Plaintiff alleges in this lawsuit. Also,
17  the CBA permits termination for "good and just cause." Petty Decl., ¶ 2 & Exh. A at 3. The
18  term "good and just cause" would need to be interpreted to determine whether there was a breach
19  of contract as Plaintiff claims.

20  Similarly, an interpretation and/or analysis of Standards of Conduct R-22, which Plaintiff
21  claims Defendant violated in terminating him, would be necessary. Standards of Conduct R-22
22  states:

23  > Falsifying or omitting pertinent information on any Company
    > record. With regards to employment application the rule shall be
24  > one year from the initial application unless unusual circumstances
    > exist. (Petty Decl., ¶ 5.)[1]
25

26  This provision, including but not limited to the phrase "unless unusual circumstances exist,"
27  must be interpreted in order to determine whether Plaintiff's claims in this suit have merit.

---
[1]   The CBA permits Defendant to establish and enforce, and requires its employees to
28  comply with, standards of conduct. Petty Decl., ¶ 2 & Exh. A at 3, 5.

2

Defendant's Response to Order to Show Cause – Case No. C07-05452 WHA

1  Moreover, the CBA requires that all work-related problems, which would include those arising
2  from the application of standards of conduct, be resolved via the problem resolution procedure
3  set forth in the CBA. Petty Decl., ¶ 2 & Exh. A at 18. Accordingly, Plaintiff's contract claim is
4  preempted, and this Court has jurisdiction. *See, e.g., Harris v. Alumax Mill Products, Inc.*, 897
5  F.2d 400, 403 (9th Cir. 1990) (plaintiff terminated for violation of work rule that the CBA
6  authorized the employer to establish; CBA required plaintiff to grieve any discharge or
7  application of work rules; therefore, plaintiff's implied covenant claim preempted).

8  DATED: November 19, 2007                    SEYFARTH SHAW LLP

10                                              By: _____
                                                     Jonathan D. Martin

                                                Attorneys for Defendant
                                                NEW UNITED MOTOR
                                                MANUFACTURING, INC.
                                                (sued incorrectly herein as "NEW UNITED
                                                MOTORS MANUFACTURING, INC.")

28  SF1 28307655.1

3

Defendant's Response to Order to Show Cause -- Case No. C07-05452 WHA

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 19, 2007, I served the within documents:

**DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

☐ I sent such document from facsimile machine (415) 397-8549 on November 19, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Reginald Edward/Ellis
P.O. Box 1543
San Leandro, CA 94577
(510) 377-2799

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on November 19, 2007, at San Francisco, California.

*Denise Quintana* (signature)
Denise L. Quintana