LAWRENCE A. ORGAN (SBN 175503)
ALLISON J. STONE (SBN 251390)
LAW OFFICES OF LAWRENCE A. ORGAN
404 San Anselmo Avenue
San Anselmo, California 94960
Tel. 415-302-2901
Fax 415-453-2829
Attorney for PLAINTIFF REGINALD ELLIS

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS, an individual,<br><br>Plaintiff<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC, a corporation;<br><br>Defendant. | Case No. 07-05452WHA<br><br>**MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**<br><br>Judge: William H. Alsup<br>Date: April 3, 2008<br>Time: 11:00 am<br>Trial Date: |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC ("NUMMI"):

PLEASE TAKE NOTICE that on April 3, 2008 at 11:00 am Law Offices of Lawrence A. Organ will move the Court to withdraw as Plaintiff's counsel from the instant action. Counsel makes this motion based on the following facts and applicable law:

I. **INTRODUCTION**

On November 16, 2007, Larry Organ and Allison Stone met with Reginald Ellis to consider taking his case for representation. Stone Decl., ¶ 4. At this time, Mr. Ellis was operating as a *pro se* plaintiff. He had filed his case *in pro per* in Alameda County, and on October 25, 2007, Defendant

NUMMI removed the case to the Northern District Court. As Mr. Ellis had not demanded a jury trial in his State complaint, and ten days had passed since Notice of Removal was filed (*See* FRCP 81(C)(3)), Counsel determined that the rules of professional conduct and ethics mandated that we immediately file a Demand for Jury Trial on his behalf in order to protect Plaintiff's rights guaranteed by the Federal and State Constitutions.

As the litigation proceeded, however, Counsel discovered that Mr. Ellis had affirmatively interfered with our ability to properly assess the merits of his case. Stone Decl., ¶ 5. Despite several attempts to rectify the situation, Mr. Ellis continued to act adversely to his interests and our representation. Stone Decl., ¶ 6. In addition, Mr. Ellis has failed to pay costs as provided for in his retainer agreement with Plaintiff's counsel. Stone Decl., ¶ 7. Finally, Mr. Ellis has given us directions regarding his representation that we believe conflict with our ethical duties of representation. We do not believe that we can both follow his directions and act in conformity with the governing professional duties. Stone Decl., ¶ 19. As a result, the attorney-client relationship has irrevocably broken down and Counsel respectfully request to be relieved from representation in this action.

## II.  ARGUMENT

Rule 1.16 of the American Bar Association's Model Rules (hereinafter "ABA Model Rules") allows an attorney to unilaterally terminate the attorney client relationship if withdrawal can be accomplished without material adverse effect on the interests of the client. The Rule further states that withdrawal is permissible if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; the representation . . . has been rendered unreasonably difficult by the client; or other good cause for withdrawal exists." ABA Model Rule 1.16(b)(5) - (7).

### A.  Plaintiff Ellis Has Failed To Fulfill Obligations Regarding Counsels' Services and Has Been Given Adequate Notice That We Intend to Withdraw From Representation

The duty of confidentiality forbids us from disclosing the exact nature of facts necessitating this motion. However, Counsel represent to the Court in good faith that during the brief course of our representation, Mr. Ellis affirmatively placed us in a position whereby continued representation may force us to violate the rules of professional responsibility and conduct. Stone Decl., ¶ 8. Before accepting Mr. Ellis as our client, we diligently investigated the issues we believed material to

representation. Stone Decl., ¶ 9. Since the representation began, we have discovered that Mr. Ellis had obstructed our ability to adequately investigate material issues. Stone Decl., ¶ 10. Mr. Ellis has repeatedly failed to fulfill an obligation material to our ability to effectively represent him. Stone Decl., ¶ 11. He was informed on several occasions of the importance of this obligation and indicated that he understood this obligation. He has continued to affirmatively act contrary to the obligation in a way that has substantially deteriorated the attorney-client relationship, and forced us to conclude we cannot effectively represent him while fulfilling our duties pursuant to the applicable codes of conduct. Stone Decl., ¶ 12. Furthermore, Mr. Ellis has instructed us to act in a manner which we believe violates the duties of professional conduct. Stone Decl., ¶ 19.

As time has progressed, the attorney-client relationship has eroded to the point where it has irrevocably broken down. Stone Decl., ¶ 13. We feel reasonably certain that continued representation would cause us to violate State and Federal rules of professional conduct and responsibility. Stone Decl., ¶ 14.

Furthermore, Mr. Ellis has failed to pay costs billed according to the terms of representation. Stone Decl., ¶ 7. We have received privileged information that leads us to conclude that Mr. Ellis will not be able to pay for costs incurred in his case for several years. Stone Decl., ¶ 15.

### 1. The Duty of Confidentiality Prevents Disclosure of Specific Facts Requiring Withdrawal

ABA Model Rules instruct an attorney not to reveal confidential information received during the course of representation unless called for in exceptional circumstances. ABA Model Rule 1.6. The attorney may not materially prejudice the client during the process of withdrawal. *See* ABA Model Rule 1.16(b). Additionally, California Rule of Court 3.1362 (c) specially instructs an attorney not to compromise attorney-client confidentiality in a declaration in support of withdrawal. However, an attorney may withdraw from representation under the aforementioned circumstances. ABA Model Rule 1.16(b)(5) - (7). "Where issues of confidentiality prevent counsel from further disclosure and the court accepts the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." *Manfredi & Levine v. Superior Court* (1998) 66 Cal.App.4th 1128, 1133 (internal quotations omitted). The court in *Manfredi & Levine* discusses several other cases where counsel was only able to discuss the nature of the conflict in broad terms in order to

protected client confidentiality. *Id.* In each case, the court accepted the good faith representations of counsel and allowed the attorney to withdraw. *Id., See Aceves v. Superior Court* (1996) 51 Cal.App.4th 584, 593 (A public defender who discovered a material conflict with his client on the eve of trial made general representations to the court regarding the nature of the conflict, such as "[the conflict] did not involve threats to witnesses or third parties, . . . did not relate to other cases and . . . had resulted in a complete breakdown of the attorney-client relationship"); *Leversen v. Superior Court* (1983) 34 Cal.3d 530, 539 (Defense firm discovered a material conflict in the middle of trial and told the court that he could not "represent defendant without disclosing privileged information he possessed from [a rebuttal] witness represented by his firm in another matter."); *Uhl v. Municipal Court* (1974) 37 Cal.App.3d 526, 527-528 (Public defender told the court only that he needed to be "relieved based on the existence of a conflict between defendant Uhl and another client whom the public defender was representing.")

Under the circumstances, we cannot reveal the precise basis of our need to withdraw from the representation because doing so would reveal confidential information, some of which might prejudice Mr. Ellis' civil case. Stone Decl., ¶ 16, 17. While we would be willing to discuss the basis of our withdrawal *in camera* with the Court, the information may be prejudicial if disclosed to a jury. Stone Decl., ¶ 17. In the event that Mr. Ellis presents his case in a bench trial, the Court would be the trier of fact and may be susceptible to the same taint. Stone Decl., ¶ 17. Therefore, we request that the Court take our good faith representations as true on the limited factual basis provided, and allow us to withdraw from the instant case.

### B. Withdrawal Will Not Materially Prejudice Mr. Ellis

Mr. Ellis initiated a suit as an *in pro per* litigant in state court. By withdrawing from the representation, Mr. Ellis is in the same position he was in before hiring our firm as his counsel. Fully informed, he decided to instigate this litigation without an attorney. Because of his affirmative actions, he has created a situation where we cannot represent him and by doing so, he must return to self-representation which he initially elected to do.

While Mr. Ellis is currently in custody in Santa Rita County jail, this does not render him unable to prosecute his claims. The fact that his current status makes it more inconvenient to litigate his case does not make him prejudiced by it. Mr. Ellis' case is far from trial, no significant discovery

has occurred and no dispositive motions have been filed. Our withdrawal will occur at the onset of the litigation when Mr. Ellis has plenty of time to find another attorney or prepare his case *pro se*. The fact that Mr. Ellis is in custody is an extrinsic circumstance that we cannot be accountable for. Finally, the fact that Mr. Ellis is in custody does not remedy the fundamental breakdown of the attorney-client relationship which has occurred. In early January and February 2008, we informed Mr. Ellis, verbally and in writing, that we would be moving to withdraw from his case. Stone Decl., ¶ 18.

Counsel are aware that granting leave to withdraw may ultimately result in administrative and/or other inconveniences to the Court, particularly should Plaintiff elect to proceed *pro se*. The expediency that may be obtained from disallowing the motion, however, neither justifies nor provides a basis for requiring continued representation.

On the foregoing, Law Offices of Lawrence A. Organ respectfully requests that we be relived from representing Plaintiff in this matter.

Respectfully submitted,

By: *[signature]*

Date: February 25, 2008

Allison J. Stone
LAW OFFICES OF LAWRENCE A. ORGAN
Attorney for Plaintiff