LAWRENCE A. ORGAN (SBN 175503)
ALLISON J. STONE (SBN 251390)
LAW OFFICES OF LAWRENCE A. ORGAN
404 San Anselmo Avenue
San Anselmo, California 94960
Tel. 415-302-2901
Fax 415-453-2829
Attorney for PLAINTIFF REGINALD ELLIS

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS, an individual,<br><br>Plaintiff<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC, a corporation;<br><br>Defendant. | Case No. 07-05452WHA<br><br>**DECLARATION OF ALLISON J. STONE IN SUPPORT OF MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL** |

I, ALLISON J. STONE, do hereby declare and state as follows:

1. I am a member of the State Bar of California and am admitted to practice before this Court. I am an attorney with Law Offices of Lawrence A. Organ.

2. This Declaration is written in support of Plaintiff's Motion to Withdraw as Plaintiff's Counsel.

3. I have personal knowledge of the facts stated herein and, if called, am competent to testify to the contents of this Declaration.

4. On November 16, 2007, Reginald Ellis came to our office seeking representation, and met with Larry Organ and Allison Stone.

5. It is my belief and understanding that Mr. Ellis has affirmatively interfered with our ability to properly assess the merits of his case.

6. Our office attempted to rectify the situation, and Mr. Ellis continued to act adversely to his interests and our representation.

7. Mr. Ellis has failed to pay, and continues to fail to pay, costs as provided for in his retainer agreement with Plaintiff's counsel.

8. I have personal knowledge that Mr. Ellis has acted affirmatively to place Counsel in a position whereby continued representation may force us to violate the rules of professional responsibility and conduct.

9. Before accepting Mr. Ellis as our client, we diligently investigated the issues we believed material to representation.

10. We have recently discovered that Mr. Ellis had obstructed our ability to adequately investigate material issues.

11. It is my belief and understanding that Mr. Ellis has repeatedly failed to fulfill an obligation material to our ability to effectively represent him.

12. It is my belief and understanding that Mr. Ellis acted contrary to a material obligation in a way that has substantially deteriorated the attorney-client relationship, and forced Law Offices of Lawrence A. Organ to conclude that we cannot effectively represent him while fulfilling our duties pursuant to the applicable codes of conduct.

13. It is my belief and conclusion that the attorney-client relationship has eroded to the point where it has irrevocably broken down.

14. It is my belief and conclusion that Law Offices of Lawrence A. Organ's continued representation of Mr. Ellis would cause us to violate State and Federal rules of professional conduct and responsibility.

15. We have received privileged information that leads us to conclude that Mr. Ellis will not be able to pay for costs incurred in his case for several years.

16. The information that forms the basis of our need to withdraw was received during the course of confidential communications with our client.

17. The information that forms the basis of our need to withdraw might be prejudicial to Mr. Ellis' civil case.

18.  In early January 2008, I informed Mr. Ellis that Law Offices of Lawrence A. Organ would move the Court to withdraw from his civil case. In early February 2008, I informed Mr. Ellis in writing that we intended to withdraw.

19.  Mr. Ellis has given us directions regarding his representation that we believe conflict with our ethical duties of representation. We do not believe that we can both follow his directions and act in conformity with the governing professional duties.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the State of California.

Executed this February 25, 2008 in San Anselmo, CA.

By: /s/ Allison Stone

Date: February 25, 2008

Allison J. Stone
LAW OFFICES OF LAWRENCE A. ORGAN
Attorney for Plaintiff

MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL   - 3 -   CASE NO. 07-05452 WHA