LAWRENCE A. ORGAN (SBN 175503)
ALLISON J. STONE (SBN 251390)
LAW OFFICES OF LAWRENCE A. ORGAN
404 San Anselmo Avenue
San Anselmo, California 94960
Tel. 415-302-2901
Fax 415-453-2829
Attorney for PLAINTIFF REGINALD ELLIS

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS, an individual,<br><br>          Plaintiff<br><br>   v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC, a corporation.<br><br>          Defendant. | Case No.  07-05452WHA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:     William H. Alsup<br>Date:      April 3, 2008<br>Time:     11:00 am<br>Trial Date: |

     TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC ("NUMMI"):

     PLEASE TAKE NOTICE that on April 3, 2008 at 11:00 AM Law Offices of Lawrence A. Organ will move the Court to file a Second Amended Complaint in the instant action. Counsel makes this motion based on the following facts and applicable law:

     This motion is based on the grounds that a plaintiff may amend a complaint when the interests of justice require.  This motion is supported by the attached memorandum of points and authorities, the declaration of Allison J. Stone, and a copy of the proposed Second Amended Complaint.

1

Dated:  February 28, 2008                    LAW OFFICES OF LAWRENCE A. ORGAN

2

3

4
Allison J. Stone

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

In the interests of justice, Plaintiff should be granted leave to file a Second Amended Complaint in order to clarify facts and causes of action.  Plaintiff Ellis filed a First Amended Complaint in this action as an *in pro per* plaintiff.  Defendant has claimed in its Answer and Case Management Statement that the Complaint and First Amended Complaint are "unintelligible" and it is therefore "unable to respond" to certain allegations.  *See* Def.'s Answer, 1:28; Joint Case Management Statement, § 3(B) (Defendant's Statement of Legal Issues).  Plaintiff seeks to amend the complaint in order to provide needed clarity to the facts and causes of action at issue.

The Second Amended Complaint adds one additional state law cause of action for slander, which was not included in the First Amended Complaint, although facts supporting such a cause of action were included in the original Complaint and First Amended Complaint.  The Second Amended Complaint does not seek to add any additional parties.

### II.     STATEMENT OF FACTS/PROCEDURAL HISTORY

This case arises out of the termination of Reginald Edwards Ellis from employment with Defendant New United Motor Manufacturing, Inc. ("NUMMI").  Defendant claims in its termination letter that Plaintiff falsified or omitted pertinent information on a company record.  Plaintiff claims that he did not falsify or omit pertinent information on a company record, within the meaning of those terms.  Furthermore, Plaintiff claims that the Collective Bargaining Agreement ("CBA") in effect at the time of the termination prevented Defendant for terminating employees for falsification or omission of information on an employment application for more than one year from the date of hire.  The information which Mr. Ellis allegedly falsified or omitted occurred on his employment application.  Five years later, the company discovered that Mr. Ellis had an alias.  Despite the fact that Mr. Ellis used the name "Edwards" on the employment application, and on all company documents during his five-year tenure with the company, it terminated him when it found out that he had used the name "Ellis" previously.

Plaintiff, after exhausting his administrative remedies, filed a complaint *in pro per* in Alameda County Superior Court on August 14, 2007. Plaintiff, *in pro per*, filed a First Amended Complaint on September 28, 2007. Defendant filed for removal on October 25, 2007, and filed an Answer with this Court on October 29, 2007.

This motion is necessary due to the fact that Defense counsel would not stipulate to the filing of the Second Amended Complaint. Stone Decl. ¶ 4. Shortly after undertaking representation of Mr. Ellis, Plaintiff's counsel informed Defendant's counsel that Plaintiff intended to file a Second Amended Complaint. Stone Decl. ¶ 5. Defendant's counsel responded that he would consider stipulating to the filing if he was provided with a copy prior to filing. Stone Decl. ¶ 6. Plaintiff's counsel agreed. Stone Decl. ¶ 6. Plaintiff reiterated his desire to file a Second Amended Complaint in his Case Management Statement, and the Court set a deadline for the filing of the Second Amended Complaint of February 28, 2008. On February 27, 2008, at 12:28 p.m., Plaintiff's counsel Allison Stone emailed Defendant's counsel, Jonathan Martin, a copy of the Second Amended Complaint. Stone Decl. ¶ 7. At 10:30 a.m. the next day, Allison Stone called Jonathan Martin to discuss the stipulation having not received a response. Stone Decl. ¶ 7. Defense counsel stated that he was unaware of the filing deadline and he had read the Complaint, but Plaintiff's counsel did not give him adequate time to determine a course of action and would not stipulate to the filing. Stone Decl. ¶ 8. Therefore, the instant motion has been filed and Plaintiff requests leave to file a Second Amended Complaint.

## III.    ARGUMENT

### 1.    Leave to Amend Shall Be Freely Granted

Pursuant to Federal Rule of Civil Procedure 15(a), once a responsive pleading has been served: [A] party may amend his pleading only by leave of court or by written consent of the adverse party. When consent of the adverse party cannot be obtained, the Court shall give leave to amend freely "when justice so requires." FRCP 15(a)(2). The United States Supreme Court stated in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> Rule 15 (a) declares that leave to amend shall be freely given when justice requires; this mandate is to be heeded. If the underlying facts or circumstances

relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."   Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules.

In the instant action, Plaintiff, without legal training or knowledge of civil procedure, filed a Complaint and First Amended Complaint which Defendant claims it cannot answer, in part, because it is "unintelligible."  *See* Def.'s Answer, 1:28; Joint Case Management Statement, § 3(B) (Defendant's Statement of Legal Issues).  After taking on representation, Plaintiff's counsel recognized that the pleadings needed clarification and without doing so, Plaintiff was likely to be prejudiced in the course of the litigation.  Stone Decl. ¶ 9.  Therefore, Plaintiff reviewed all the available documentation and facts in order to fairly present Plaintiff's claims.  Stone Decl. ¶ 9.   As the United States Supreme Court recognized, Plaintiff "ought to be afforded an opportunity to test his claim on the merits," and should not be prejudiced simply because he is not a lawyer.  *Foman*, 371 U.S at 182.

### 2.        No Prejudice to Defendant Will Result

Leave to amend may be denied when prejudice to the opposing party may occur.  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989) (leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay).

Despite the representation of Defendant's counsel that the Second Amended Complaint raises entirely new issues of law and fact, this is simply not true.  Stone Decl. ¶ 8.  First, Plaintiff does not plead any facts or causes of action in his Second Amended Complaint that are materially different from the facts and causes of action alleged in his prior pleadings with the exception of "slander."  Second, Defendant has been on notice of the facts and causes of action, including "slander," pleaded in Second Amended Complaint since Plaintiff's counsel disclosed

1   Plaintiff's version of the facts for the Joint Case Management Statement.  In addition, there were

2   facts pled in the Complaint and First Amended Complaint that support a cause of action for

3   slander.

4           Plaintiff has turned over forty-six documents that demonstrate all of the factual

5   allegations which are now pleaded in the Second Amended Complaint.  Stone Decl. ¶ 10.

6   Meanwhile, Defendant has not produced a single document to Plaintiff. Stone Decl. ¶ 11.

7   Additionally, Plaintiff's Second Amended Complaint is materially a restatement of all the facts

8   alleged in his Case Management Statement.  Stone Decl. ¶ 12.  Importantly, Plaintiff's counsel

9   turned over a longer version of the facts to Defendant's counsel for the Case Management

10  Statement.  Stone Decl. ¶ 12.  Defendant's counsel indicated that the statement was too long and

11  requested that it be shortened.  Stone Decl. ¶ 12.  Plaintiff's counsel complied.  Stone Decl. ¶ 12.

12  As a result, Defendant has been on notice of the material facts, allegations and causes of action

13  alleged in the Second Amended Complaint since, at least, January 16, 2008.

14          Therefore, Defendant was on notice of the content of the Second Amended Complaint

15  well over a month before Plaintiff's counsel requested a stipulation to file the Second Amended

16  Complaint, which Defendant's counsel denied on the basis that he was not given enough notice

17  of the content of the Second Amended Complaint, and adequate time to contact his client.  Stone

18  Decl. ¶ 8.

19          Finally, no prejudice will result to Defendant because it is still very early in the litigation

20  such that Defendant has adequate time to respond to the Second Amended Complaint and

21  conduct discovery before trial.  Plaintiff submits this Second Amended Complaint in good faith

22  and without intent to cause delay.  Plaintiff believes the amendment is not futile, and accordingly

23  asks for leave to amend.

### 3.    The Court Can Exercise Its Discretionary Power of Supplemental Jurisdiction Over the Additional State Law Cause of Action

            In his Second Amended Complaint, Plaintiff pleads a new state law cause of action:

Slander, California Civil Code section 46.  As the instant action arises under Federal Question

jurisdiction, the Court may hear the state law cause of action because it arises out of the same

nucleus of operative facts as the federal law issues.  28 USC § 1367(a); *United Mine Workers v.*

1  *Gibbs*, 383 US 715, 728–729 (1966); *see Astro Music, Inc. v. Eastham*, 564 F2d 1236, 1238, fn.

2  2, (9th Cir. 1977).

3        Plaintiff claims that the defamatory remarks stating that he had been arrested for and

4  convicted of certain crimes, in front of a union representative and other NUMMI employees,

5  occurred during the meeting in which NUMMI agent, Rachel Petty, accused Plaintiff of using an

6  alias and omitting information on his employment application.  Her accusations form the basis of

7  the termination decision which Plaintiff alleges was unlawful under the Labor Management

8  Relations Act, 29 U.S.C.A section 141. Therefore the claims are sufficiently related to justify the

9  exercise of supplemental jurisdiction over the cause of action for slander.

**IV.    CONCLUSION:**

10        For all of the foregoing reasons, the instant motion for leave to file a Second Amended

11  Complaint should be granted.

12

13  Respectfully submitted,

14

15                                         By: *Allison Stone*

16  Date: February 28, 2008          Allison J. Stone
                                      LAW OFFICES OF LAWRENCE A. ORGAN
17                                     Attorney for Plaintiff

18

19

20

21

22

23

24

25

26