1  SEYFARTH SHAW LLP
   NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
2  JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   NEW UNITED MOTOR MANUFACTURING, INC.
6  (sued incorrectly herein as "NEW UNITED MOTORS
   MANUFACTURING, INC.")
7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11  REGINALD EDWARD/ELLIS,              )  Case No. C07-05452 WHA
                                        )
12            Plaintiff,                )  **DEFENDANT NEW UNITED MOTOR**
                                        )  **MANUFACTURING, INC.'S**
13       vs.                            )  **MEMORANDUM OF POINTS AND**
                                        )  **AUTHORITIES IN SUPPORT OF**
14  NEW UNITED MOTORS                   )  **OPPOSITION TO PLAINTIFF'S**
    MANUFACTURING INC., and DOES 1      )  **COUNSEL'S MOTION TO**
15  through 13,                         )  **WITHDRAW**
                                        )
16            Defendants.               )  Date:  April 3, 2008
                                        )  Time:  11:00 AM
17                                      )  Place: Courtroom 9, 19th Floor
                                        )  Judge: The Hon. William H. Alsup
18                                      )
                                        )
19  _____)

20         Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI" or

21  "Defendant") hereby opposes the motion of counsel for plaintiff REGINALD EDWARD/ELLIS

22  ("Plaintiff") to withdraw from the case, for the reasons stated below.

23         Among the statements Plaintiff's counsel has made in support of this motion are the

24  following:

25      ▪    "It is my belief and understanding that Mr. Ellis has affirmatively interfered with

26            our ability to properly assess the merits of his case."  Declaration of Allison J.

27            Stone In Support of Motion to Withdraw as Plaintiff's Counsel ("Stone Decl."),

28            February 25, 2008, ¶ 5; *see also* Motion, at 2:6-7.

                                         1

- "I have personal knowledge that Mr. Ellis has acted affirmatively to place Counsel in a position whereby continued representation may force us to violate the rules of professional responsibility and conduct." Stone Decl., ¶ 8; *see also* Motion, at 2:25-27.

- "We have recently discovered that Mr. Ellis had obstructed our ability to adequately investigate material issues." Stone Decl., ¶ 10; *see also* Motion, at 3:1-2.

- "It is my belief and understanding that Mr. Ellis has repeatedly failed to fulfill an obligation material to our ability to effectively represent him." Stone Decl., ¶ 11; *see also* Motion, at 3:2-4.

- "It is my belief and understanding that Mr. Ellis acted contrary to a material obligation in a way that has substantially deteriorated the attorney-client relationship, and forced [counsel] to conclude that we cannot effectively represent him while fulfilling our duties pursuant to the applicable codes of conduct." Stone Decl., ¶ 12; *see also* Motion, at 3:4-8.

- "It is my belief and conclusion that the attorney-client relationship has eroded to the point where it has irrevocably broken down." Stone Decl., ¶ 13; *see also* Motion, at 3:10-11.

- "It is my belief and conclusion that [counsel's] continued representation of Mr. Ellis would cause us to violate State and Federal rules of professional conduct and responsibility." Stone Decl., ¶ 14; *see also* Motion, at 3:10-12.

- "The information that forms the basis of our need to withdraw might be prejudicial to Mr. Ellis' civil case." Stone Decl., ¶ 17; *see also* Motion, at 4:12-17.

However, just three days after filing this motion, Plaintiff's counsel filed a motion for leave to file a second amended complaint. The act of filing that motion for leave to amend is directly at odds with, and casts significant doubt upon the veracity of, the instant motion to withdraw. First, several of the above statements indicate that Plaintiff's counsel <u>cannot</u> continue

2

1  to represent Plaintiff without running afoul of ethical requirements.  Yet three days after making

2  these dire assertions, they engaged in a significant act of representation by seeking leave to file

3  an amended complaint.  This means that either their assertions are false, or they are affirmatively

4  and knowingly placing themselves in danger of committing unethical conduct.  Whichever is the

5  case, this motion to withdraw must be viewed with significant skepticism.

6       Second, counsel has firmly asserted that Plaintiff has obstructed their ability to assess the

7  case and to investigate material issues.  As such, it is unclear how, with respect to their

8  subsequent motion for leave to amend, they are able to fulfill their obligations under Federal

9  Rule of Civil Procedure 11(b)(3), whereby attorneys who sign, submit or file pleadings are

10 certifying, among other things, that "the allegations and other factual contentions have

11 evidentiary support or, if specifically so identified, are likely to have evidentiary support after a

12 reasonable opportunity for further investigation or discovery."  If Plaintiff's conduct has

13 obstructed counsel's ability to "assess the merits of his case" and "adequately investigate

14 material issues," then they are in no position to certify that the facts, allegations and claims

15 contained in the proposed amended complaint are truthful.  Counsel should be required to

16 explain this blatant inconsistency.

17       Third, counsel indicates that the information that is causing them to seek withdrawal

18 "might be prejudicial to Mr. Ellis' civil case."  Viewed in the context of counsel's other

19 assertions, this statement could mean that they have learned facts that demonstrate that Plaintiff's

20 claims are substantially or totally without merit, but Plaintiff is insisting that they proceed

21 forward with his claims anyway, and/or somehow conceal or otherwise prevent Defendant from

22 discovering facts that contradict his claims.  Perhaps there is another basis for counsel's

23 statement, but certainly if they are aware of information that is "prejudicial" to Plaintiff's case, it

24 calls into serious question their ability to certify that they are submitting a pleading that

25 meritoriously asserts claims against Defendant.

26       In summary, Plaintiff's counsel's assertions in support of their motion to withdraw

27 appear to be significantly contradicted by their subsequent filing of a motion for leave to amend

28 Plaintiff's complaint.  Counsel should be required to explain why their motion to withdraw has

3

1   merit if they were able to continue representing Plaintiff by subsequently presenting a pleading

2   that is subject to the requirements of Rule 11.

3   DATED:  March 13, 2008                    SEYFARTH SHAW LLP

4

5                                            By: _____
                                                 Jonathan D. Martin

6                                            Attorneys for Defendant
                                             NEW UNITED MOTOR
7                                            MANUFACTURING, INC.
                                             (sued incorrectly herein as "NEW UNITED
8                                            MOTORS MANUFACTURING, INC.")

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF1 28317291.1

Defendant's Memo. of P's & A's in Support of Oppo. to Motion to Withdraw – Case No. C07-05452 WHA