```
SEYFARTH SHAW LLP
NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.
(sued incorrectly herein as "NEW UNITED MOTORS
MANUFACTURING, INC.")
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>NEW UNITED MOTORS MANUFACTURING INC., and DOES 1 through 13,<br><br>        Defendants. | Case No. C07-05452 WHA<br><br>**DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  April 3, 2008<br>Time:  11:00 AM<br>Place:  Courtroom 9, 19th Floor<br>Judge:  The Hon. William H. Alsup |

Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI" or "Defendant") hereby opposes plaintiff REGINALD EDWARD/ELLIS' ("Plaintiff") motion for leave to file a second amended complaint, for the reasons stated below.

## I. PLAINTIFF'S COUNSEL HAS PREVIOUSLY INDICATED THAT THEY CANNOT CONTINUE TO REPRESENT PLAINTIFF

Plaintiff's counsel filed the instant motion just three days after filing a motion to withdraw from representing Plaintiff in this case. Among the statements counsel made as part of their motion to withdraw are the following:

1

- "It is my belief and understanding that Mr. Ellis has affirmatively interfered with our ability to properly assess the merits of his case." Declaration of Allison J. Stone In Support of Motion to Withdraw as Plaintiff's Counsel ("Stone MTW Decl."), February 25, 2008, ¶ 5; *see also* Motion to Withdraw as Plaintiff's Counsel ("MTW"), February 25, 2008, at 2:6-7.

- "I have personal knowledge that Mr. Ellis has acted affirmatively to place Counsel in a position whereby continued representation may force us to violate the rules of professional responsibility and conduct." Stone MTW Decl., ¶ 8; *see also* MTW, at 2:25-27.

- "We have recently discovered that Mr. Ellis had obstructed our ability to adequately investigate material issues." Stone MTW Decl., ¶ 10; *see also* MTW, at 3:1-2.

- "It is my belief and understanding that Mr. Ellis has repeatedly failed to fulfill an obligation material to our ability to effectively represent him." Stone MTW Decl., ¶ 11; *see also* MTW, at 3:2-4.

- "It is my belief and understanding that Mr. Ellis acted contrary to a material obligation in a way that has substantially deteriorated the attorney-client relationship, and forced [counsel] to conclude that we cannot effectively represent him while fulfilling our duties pursuant to the applicable codes of conduct." Stone MTW Decl., ¶ 12; *see also* MTW, at 3:4-8.

- "It is my belief and conclusion that the attorney-client relationship has eroded to the point where it has irrevocably broken down." Stone MTW Decl., ¶ 13; *see also* MTW, at 3:10-11.

- "It is my belief and conclusion that [counsel's] continued representation of Mr. Ellis would cause us to violate State and Federal rules of professional conduct and responsibility." Stone MTW Decl., ¶ 14; *see also* MTW, at 3:10-12.

2

Defendant's Memo. of P's & A's in Support of Oppo. to Pltf's Motion for Leave to File Second Amended Complaint – Case No. C07-05452 WHA

- "The information that forms the basis of our need to withdraw might be prejudicial to Mr. Ellis' civil case." Stone MTW Decl., ¶ 17; *see also* MTW, at 4:12-17.

These representations by Plaintiff's counsel are directly at odds with, and cast significant doubt upon the veracity of, their current motion for leave to amend. First, several of the above statements indicate that Plaintiff's counsel <u>cannot</u> continue to represent Plaintiff without running afoul of ethical requirements. Yet three days after making these dire assertions, they have engaged in a significant act of representation by seeking leave to file an amended complaint. This means that either their assertions are false, or they are affirmatively and knowingly placing themselves in danger of committing unethical conduct. Whichever is the case, counsel's request to amend Plaintiff's complaint must be viewed with significant skepticism.

Second, counsel has firmly asserted that Plaintiff has obstructed their ability to assess the case and to investigate material issues. As such, it is unclear how they are able to fulfill their obligations under Federal Rule of Civil Procedure 11(b)(3), whereby attorneys who sign, submit or file pleadings are certifying, among other things, that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." If Plaintiff's conduct has obstructed counsel's ability to "assess the merits of his case" and "adequately investigate material issues," then they are in no position to certify that the facts, allegations and claims contained in the proposed amended complaint are truthful. Counsel should be required to explain this blatant inconsistency.

Third, counsel indicates that the information that is causing them to seek withdrawal "might be prejudicial to Mr. Ellis' civil case." Viewed in the context of counsel's other assertions, this statement could mean that they have learned facts that demonstrate that Plaintiff's claims are substantially or totally without merit, but Plaintiff is insisting that they proceed forward with his claims anyway, and/or somehow conceal or otherwise prevent Defendant from discovering facts that contradict his claims. Perhaps there is another basis for counsel's statement, but certainly if they are aware of information that is "prejudicial" to Plaintiff's case, it

3

calls into serious question their ability to certify that they are submitting a pleading that meritoriously asserts claims against Defendant.

## II. PLAINTIFF'S ATTACKS ON DEFENDANT'S COUNSEL ARE WITHOUT MERIT

In arguing their case for amending an amended complaint, Plaintiff's counsel has misstated and/or distorted the conversations that took place between counsel on the day that Plaintiff's counsel filed this motion, and they have omitted several key aspects of that conversation. Defendant's counsel did not state that he was "unaware" of the filing deadline for an amended complaint, nor did he indicate that he would be "unable to reach" Defendant to discuss a course of action in response to the proposed amendment. Declaration of Jonathan D. Martin ("Martin Decl."), ¶ 2. Rather, Defendant's counsel explained to Plaintiff's counsel Allison Stone that providing a proposed amended complaint only the day before the deadline for amendment, with the expectation that Defendant would be able to provide an immediate response for her convenience, was not a prudent practice and that given the issues raised by the proposed amended complaint, Defendant would not be able to make a definitive determination regarding the proposed amendment before the filing deadline. Thus, Defendant's counsel recommended that Plaintiff's counsel proceed with their motion pending that determination. Martin Decl., ¶ 3.

Apparently, Ms. Stone is under the impression that because the amendment deadline was approaching and she had previously indicated that Plaintiff intended to amend his complaint, and because the parties' Joint Case Management Statement contained a recitation of Plaintiff's version of the facts, Defendant and its counsel should have been able to provide an immediate response to her eleventh-hour proposed amended complaint. That was an unrealistic expectation for several reasons. First, counsel fails to understand that as a general matter, opposing parties and their counsel cannot necessarily be expected to make significant decisions and otherwise be

4

Defendant's Memo. of P's & A's in Support of Oppo. to Pltf's Motion for Leave to File Second Amended Complaint – Case No. C07-05452 WHA

available to her at the last minute and at her convenience, and therefore in this case she should have provided her proposed amended complaint much earlier than she did.[1]

Second, even if Plaintiff had previously stated that an amended complaint would be forthcoming and Defendant indicated that it would review such amendment and consider whether to stipulate to the amendment, Defendant was hardly in a position to take further action and make decisions regarding the amendment until it <u>actually received</u> the amendment. It was not a surprise to Plaintiff's counsel that Defendant and its counsel would have to review the proposed amendment in detail before deciding how to respond.[2] Third, as discussed above, Plaintiff's counsel transmitted their proposed amended complaint <u>after</u> they had advised the Court, via their motion to withdraw, that "continued representation" of Plaintiff would cause them to violate standards of professional conduct and that Plaintiff had obstructed them from investigating the case. Their subsequent submission of an amended pleading calls their motion to withdraw into question and raises significant issues as to the substance of the proposed amendment. If Plaintiff and his counsel assumed that Defendant and its counsel would simply look the other way, they were mistaken.

### III. CONCLUSION

While Defendant understands that courts liberally grant leave to amend pleadings, in this case Plaintiff has submitted a proposed amended complaint under extremely questionable

---

[1] Indeed, Plaintiff's counsel admits that they believed "early in the litigation" that Plaintiff should file an amended complaint. Declaration of Allison J. Stone in Support of Motion for Leave to File a Second Amended Complaint ("Stone MFL Decl."), ¶ 9. If that is true, and they were able to submit their more detailed factual allegations as part of the parties' Joint CMC Statement in January 2008, then they should have been able to provide their proposed amended complaint sooner than the day before the filing deadline – especially when they admittedly knew that Defendant would have to review the amendment before deciding how they would proceed.

[2] While Plaintiff suggests that Defendant should have been able to review this matter quickly because Plaintiff's more detailed factual allegations had previously been submitted to the Court in the parties' Joint CMC Statement, there are actually significant differences between the CMC recitation and the proposed amended complaint. For one, while Plaintiff claimed in the CMC statement that he discovered in 2007 that his alleged name change from "Ellis" to "Edwards" had not taken place in the early 1990's because of a "filing mistake," the proposed amended complaint is conspicuously lacking any mention of a "filing mistake." (The proposed amended complaint states at paragraph 5 that Plaintiff "attempted" to change his name from "Ellis" to "Edwards" – the latter being the name that Plaintiff admittedly used during his employment with Defendant – but it is suspiciously devoid of any allegation that the name change actually occurred.)

5

Defendant's Memo. of P's & A's in Support of Oppo. to Pltf's Motion for Leave to File Second Amended Complaint – Case No. C07-05452 WHA

1  circumstances, and his counsel should not be permitted to contradict themselves in their court
2  filings. The motion should be denied, or in the alternative Plaintiff's counsel should at least be
3  required to address the issues discussed in this opposition and explain how they are able to
4  continue to represent Plaintiff after telling this Court under oath that they cannot.

DATED: March 13, 2008

SEYFARTH SHAW LLP

By: _____
Jonathan D. Martin

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.
(sued incorrectly herein as "NEW UNITED MOTORS MANUFACTURING, INC.")

SF1 28316773.1

6

Defendant's Memo. of P's & A's in Support of Oppo. to Pltf's Motion for Leave to File Second Amended Complaint – Case No. C07-05452 WHA