LAWRENCE A. ORGAN (SBN 175503)
ALLISON J. STONE (SBN 251390)
LAW OFFICES OF LAWRENCE A. ORGAN
404 San Anselmo Avenue
San Anselmo, California 94960
Tel. 415-302-2901
Fax 415-453-2829
Attorney for PLAINTIFF REGINALD ELLIS

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD EDWARD/ELLIS, an individual,<br><br>                    Plaintiff<br><br>     v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC, a corporation.<br><br>                    Defendant. | Case No.  07-05452WHA<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Judge:    William H. Alsup<br>Date:     April 3, 2008<br>Time:    11:00 am<br>Trial Date: |

Plaintiff Reginald Ellis submits this reply memorandum in support of his Motion to File a Second Amended Complaint.

**I.     DEFENDANT STATES NO BASIS IN LAW OR FACT FOR DENYING PLAINTIFF'S LEAVE TO AMEND**

Defendant relies wholly on conjecture and speculation to urge this Court to deny Plaintiff's leave to amend. Defendant's Opposition focuses on the statements in Plaintiff's counsel's declaration supporting a Motion to Withdraw without providing the Court with any legal authority for denying the motion. Defendant apparently hopes that by relying on Plaintiff's counsel's desire to withdraw, it can obscure the fact that it does not have a factual or legal basis for opposing Plaintiff's motion to file an amended complaint. Plaintiff's counsel attempts to file a second amended complaint in an effort to make a complaint filed by an *in pro per* plaintiff in

state court (a complaint often cited by Defendant as "unintelligible") conform to federal pleading requirements. Defendant cites no facts to suggest that any claims made in the second amended complaint are made in bad faith or without supporting evidence.

Defendant alleges that Plaintiff cannot file an amended complaint because doing so would force Plaintiff to make unmeritorious claims that are improperly researched. Plaintiff's counsel has never stated, nor has Defendant cited to any statements indicating, that Plaintiff does not have a meritorious claim. The fact that Mr. Ellis may have interfered with counsel's ability to assess the merits of his case does not mean that there is no merit to his case or that there is an insufficient factual basis for moving forward with Plaintiff's claims. While Defendant cites to the declarations of counsel that continued representation may force counsel to violate the rules of professional conduct, Defendant ignores the fact that it does not know why Plaintiff makes that statement. Instead, Defendant relies on speculation and conjecture to misdirect the Court into a false conclusion that that Plaintiff's counsel's ethical quandary is based on the merits of Plaintiff's claims. This is not the case, nor can Defendant point to a single statement in Plaintiff's counsel's declaration that suggests that there has been an ethical violation to date. Plaintiff's counsel did not base its motion to withdraw on a belief that Plaintiff's claims were unmeritorious and counsel has never stated as much.

For example, a client might limit the amount of money his or her counsel can spend to prosecute his or her case. Counsel has a duty, however, to do everything within their power to prosecute the action on behalf of the plaintiff. Such a duty requires counsel to spend money when it is necessary to "adequately investigate material issues," such as taking numerous depositions. ABA Model Rules, Preamble, ¶ 2 ("As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system."). However, if counsel believes that to adequately conduct discovery, they must spend an amount greater than they are authorized, *future* representation might force plaintiff's counsel to violate their professional duties of zealous representation. *Id*. at ¶ 9 ("Virtually all difficult ethical problems arise from conflict between a lawyer's responsibilities to clients, to the legal system and to the lawyer's own interest in remaining an ethical person while earning a satisfactory living. . . . These principles include the lawyer's obligation zealously to protect and pursue a client's legitimate interests.") However,

such a scenario does not prohibit counsel from filing an amended complaint, making "intelligible" claims on a plaintiff's behalf. Without any facts to support its allegations, Defendant makes a baseless attack on Plaintiff's counsel. Nothing in Plaintiff's declaration suggests that Plaintiff's counsel has made meritless claims or claims which are unsupported by evidence.

By asserting that Plaintiff's counsel's motion to withdraw "cast[s] significant doubt upon the veracity of . . . their current motion for leave to amend," without pointing to any factual basis for the statement, Defense counsel has engaged in a course of action jeopardizing the integrity of the legal profession. Plaintiff's counsel has a duty of confidentiality to their clients. The hypothetical situation described above is meant to illustrate one situation among many which refutes all of the attacks in Defendant's opposition. While Plaintiff's counsel is willing to discuss the nature of the conflicts in greater detail *in camera*, they have no duty to disclose such information to Defendant despite its demands.

Defendant has drawn conclusions and makes arguments without citation to a single fact at issue in the case. It is also noteworthy that Defendant does not site a single legal authority to support its argument that because Plaintiff has moved to withdraw, it cannot file an amended complaint on Plaintiff's behalf. In fact, until the Court relieves Plaintiff's counsel from representation, it must vigorously prosecute Plaintiff's action within the bounds of the law as it has done, and will continue to do.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND IS A MUNDANE PROCEDURAL MATTER AND THE AMENDED COMPLAINT SIMPLY MAKES A COMPLAINT FILED BY AN IN PRO PER PLAINTIFF CONFORM TO PLEADING REQUIREMENTS

When the smoke and mirrors of Defendant's opposition clear, Defendant is left without a basis in law or fact to mount a legitimate opposition to a procedural motion to amend. Defendant does not cite to any statute of limitations error, resulting prejudice, or any other legal basis for denying a motion to amend. Plaintiff's counsel simply filed an amended complaint on behalf of a plaintiff who had filed a complaint and an amended complaint *in pro per* in another court. Amending Mr. Ellis's complaint filed *in pro per* in State Court represents an expected effort to

make the complaint conform to federal pleading requirements.  Nothing in Plaintiff's complaint or first amended complaint has been substantively or materially altered by Plaintiff's second amended complaint.  In addition, Defendant has asserted multiple times that Mr. Ellis, as an *in pro per* plaintiff, filed an "unintelligible" complaint.  Therefore, the ethical duties of Plaintiff's counsel require it to file an "intelligible" amended complaint on his behalf.

### III.  DEFENDANT'S COUNSEL HAS NOT DEMONSTRATED WHY IT WOULD HAVE STIPULATED TO FILING THE AMENDED COMPLAINT IF IT WAS GRANTED MORE TIME

Defendant makes much of the fact that Plaintiff's counsel did not give it enough time to stipulate to the filing of the second amended complaint when they voluntarily submitted a draft thirty-eight hours in advance of the filing deadline.  Even if thirty-eight hours was not enough time for Defendant to stipulate to a mundane, procedural matter such as the filing of an amended complaint, Defendant has still not indicated that it would have stipulated if Plaintiff's counsel provided Defendant with more time.  Defendant has now had ample time to review the amended complaint and to stipulate to its filing, thereby taking this motion off the Court's calendar, but it has not done so.  Despite its contention that Plaintiff's counsel did not grant it an adequate time for review, clearly Defendant does not have, and never did have, an intention of stipulating to the filing.  Instead, Defendant has seized the opportunity to malign Plaintiff's counsel by questioning their integrity and to waste this Court's time by opposing a motion that should never have been opposed.

### IV.  CONCLUSION:

For all of the foregoing reasons, leave to file a Second Amended Complaint should be granted.

Respectfully submitted,

Date: March 19, 2008

By: *Allison Stone* (signature)
Allison J. Stone
LAW OFFICES OF LAWRENCE A. ORGAN
Attorney for Plaintiff

PLAINTIFF'S REPLY MEMORANDUM      - 4 -      CASE NO. 07-05452WHA
IN SUPPORT OF MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT