LAWRENCE A. ORGAN (SBN 175503)
ALLISON J. STONE (SBN 251390)
LAW OFFICES OF LAWRENCE A. ORGAN
404 San Anselmo Avenue
San Anselmo, California 94960
Tel. 415-302-2901
Fax 415-453-2829
Attorney for PLAINTIFF REGINALD ELLIS

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD EDWARD/ELLIS, an individual,<br><br>            Plaintiff<br><br>     v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC, a corporation.<br><br>            Defendant. | Case No. 07-05452WHA<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Judge:    William H. Alsup<br>Date:     April 3, 2008<br>Time:    11:00 am<br>Trial Date: |

   Plaintiff's counsel submits this reply memorandum in support of his Motion to Withdraw.

**I.   DEFENDANT STATES NO BASIS IN LAW OR FACT FOR DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

   Defendant's opposition to Plaintiff's counsel's Motion to Withdraw is simply a cut and paste of its opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. Just as that opposition is unsupported by legal and factual arguments, so is Defendant's opposition to the instant motion.  Rather than waste the Court's time performing a similar cut and paste reply, Plaintiff will summarize the main points of his Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend:  (1) The acts of filing an amended complaint and a motion to withdraw are not mutually exclusive events, despite the clear advantage to Defendant if they were; (2) Defendant has not advanced a single legal or factual argument in support of

such conclusion; and (3) Plaintiff's Motion to Withdraw and Declaration in Support thereof is not based on counsel's conclusion that Mr. Ellis does not advance meritorious causes of action. As Defendant has continuously stated that it cannot meaningfully respond to all of Plaintiff's claims as set forth in his Complaint and First Amended Complaint because they are "unintelligible," the filing of a Second Amended Complaint is permissible, proper, and required.

The Court should squarely reject Defendant's innuendo that Plaintiff is acting inconsistently by filing the instant Motion to Withdraw while subsequently filing a Motion for Leave to File a Second Amended Complaint. These two filings merely reflect Plaintiff's counsel's continuing duty to represent their client to the best of their ability until this Court relieves them of such duty. To suggest that this conduct is untoward simply ignores the Rules of Professional Conduct.

What remains are Plaintiff's counsel's uncontested arguments that they must be relieved of representation. Plaintiff's counsel has provided three independent grounds, any one of which is sufficient to grant the Motion to Withdraw. First, to date, Plaintiff has not paid a single bill covering the costs of his representation. Second, regardless of whether Mr. Ellis is released from custody or not, the attorney-client relationship, and ability to communicate effectively, has irrevocably broken down. Third, Mr. Ellis has affirmatively placed barriers in front of our efforts to adequately represent him.

For all of the foregoing reasons, Plaintiff's counsel must be allowed to withdraw from the instant action.

Respectfully submitted,

Date: March 19, 2008

By: *Allison Stone*
Allison J. Stone
LAW OFFICES OF LAWRENCE A. ORGAN
Attorney for Plaintiff