1  LAWRENCE A. ORGAN (SBN 175503)
   ALLISON J. STONE (SBN 251390)
2  LAW OFFICES OF LAWRENCE A. ORGAN
   404 San Anselmo Avenue
3  San Anselmo, California 94960
   Tel. 415-453-4740
4  Fax 415-453-2829

5  Attorney for PLAINTIFF REGINALD ELLIS

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | REGINALD EDWARD/ELLIS, an        | Case No.  07-05452WHA
   | individual,                      |
12 |                                  | **PLAINTIFF'S SECOND AMENDED**
   |               Plaintiff          | **COMPLAINT:**
13 |                                  |
   |        v.                        |
14 |                                  | (1) BREACH OF COLLECTIVE BARGAINING
   | NEW UNITED MOTOR                 |     AGREEMENT
15 | MANUFACTURING, INC, a corporation| (2) BREACH OF IMPLIED COVENANT OF
   | and DOES 1-50, inclusive.        |     GOOD FAITH AND FAIR DEALING
16 |                                  | (3) SLANDER, CIVIL CODE § 46
   |               Defendants.        | (4) WRONGFUL TERMINATION IN
17 |                                  |     VIOLATION OF PUBLIC POLICY

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

This is an action for (1) breach of a collective bargaining agreement, (2) breach of implied covenant of good faith and fair dealing, (3) slander, and (4) wrongful termination in violation of public policy.  The Court has federal subject matter jurisdiction over the breach of collective bargaining agreement claim and retains supplemental jurisdiction over the other causes of action listed. The events that give rise to these causes of action stem from Mr. Ellis's termination from New United Motor Manufacturing, Inc. ("NUMMI") in May 2006.  The facts and their application to the law are set forth below.

**THE PARTIES**

1.   Defendant NEW UNITED MOTOR MANUFACTURING, INC. (hereinafter "NUMMI") is an automobile manufacturing facility in Fremont, California.

2.   Plaintiff is informed and believes, and thereupon alleges, that Defendant NUMMI is incorporated and registered to do business in California. Its principle offices and corporate headquarters are also in California.

3.   Plaintiff REGINALD EDWARD/ELLIS (hereinafter "Plaintiff" or "Mr. Ellis") was, at all times herein relevant to this litigation, employed by NUMMI.

4.   Mr. Ellis is and was, at all times relevant to this litigation, a resident and domiciliary of Alameda County, California.

**GENERAL ALLEGATIONS**

5.   Plaintiff is informed and believes, and thereupon alleges, that in or around 1991, he was the victim of identify theft.  He attempted to change his name from Reginald Ellis to Reginald Edwards. On April 16, 2001, Mr. Ellis, applied for employment with NUMMI using the name "Reggie Edwards."  The employment application did not ask the applicant to list any AKAs ("Also Known As"), or other names used by the applicant.

6.   Under the NUMMI employment application section titled "Police Record," Mr. Ellis put "N/A" in response to the question: "Excluding convictions for possession or sale of marijuana that occurred over two years ago; convictions that have been sealed, expunged or legally eradicated; and misdemeanor convictions for which probation has been successfully completed and the case dismissed, [h]ave you ever been convicted of a misdemeanor or felony?"  Mr. Ellis had pleaded

1  guilty to a misdemeanor for possession of sale of marijuana in 1985 (Health and Safety Code

2  11359).  In documentation provided to him by the State of California, he was told "Under California

3  Labor Law penal code 11359 can be excluded two years after conviction date."  According to the

4  instructions on NUMMI's employment application, Mr. Ellis did not disclose this conviction.

5    7.   Mr. Ellis had a conviction in 1990 for statutory rape (Penal Code § 261.5) of a woman with

6  whom he now has four children. This conviction was dismissed upon Mr. Ellis's successful

7  completion of probation. NUMMI instructed him not to disclose this information and he did not do

8  so.  Plaintiff adequately performed his job duties for five subsequent years until he was terminated

9  in May 2006.

10    8.   On approximately May 17, 2006, Assistant Manager Rachel Petty informed Union

11  Representative Gabriel Sanchez that she needed to issue discipline to Mr. Ellis to conclude an issue

12  that had begun with Assistant Manager Johanna Oakson.  However, Mr. Sanchez spoke to Ms.

13  Oakson regarding this statement and Ms. Oakson informed Mr. Sanchez that the discipline had

14  already been issued and Ms. Petty was "lying."

15    9.   On May 23, 2006, while Mr. Ellis was on temporary disability leave due to repetitive stress

16  injuries, Assistant Manager Rachel Petty called Mr. Ellis at home to ask him to come into the office

17  to speak with her.  When he arrived, Ms. Petty asked Union Representative Gabriel Sanchez to be

18  present during an "interview" of Mr. Ellis.  She also stated that Tom Sana, the head of NUMMI

19  security, needed to be present.

20    10.   Ms. Petty then stated to Mr. Ellis "You're not who you say you are."  In the presence of

21  Gabriel Sanchez and Tom Sana, she stated that Mr. Sana, a former Fremont Police Officer, received

22  information from the Fremont Police Department that Mr. Ellis used the name "Ellis" prior to his

23  employment with NUMMI.  Mr. Ellis explained that he changed his last name to "Edwards" after

24  his identity was stolen.  He informed NUMMI that he believed he had hired an attorney for this

25  matter and he had used the name of "Edwards" for the previous sixteen years.  Mr. Ellis pointed out

26  to Rachel Petty that he had never used a name other than "Edwards" for the five years of his

27  employment at NUMMI.  Mr. Ellis also stated that he never used another name to make workers'

28  compensation claims.

11.   In the presence of Mr. Sanchez, Ms. Petty proceeded to accuse Mr. Ellis of failing to disclose prior felony and misdemeanor convictions on his employment application.  She stated that the Fremont Police Department informed her that Mr. Ellis had criminal convictions in 1985 and 1992.  She also accused him of having convictions for "forcible rape," assault with a deadly weapon, credit card fraud, sexual assault and home invasion.  In this meeting which occurred in May 2006, Mr. Sana accused Mr. Ellis of having a gun conviction in front of Gabriel Sanchez.

12.   Mr. Ellis denied all of those accusations and explained that he followed the instructions on the employment application and did not falsify any information.  According to NUMMI's instruction on the employment application, he was not to disclose his 1985 and 1992 criminal convictions.  Regardless of whether or not his convictions were under the name "Ellis" or "Edwards," the NUMMI application did not require Mr. Ellis to disclose his prior convictions.

13.   Ms. Petty said she would further investigate the issue.  After Mr. Ellis left the meeting, Mr. Sana escorted him outside where the Fremont Police arrested him.  After Mr. Ellis arrived at the police station, the victims of the home invasion for which Mr. Ellis was arrested, cleared him of any involvement.

14.   The very next day after Ms. Petty informed Mr. Ellis that she would investigate the issues for which she called him into the office, Ms. Petty sent Mr. Ellis a termination letter stating that he violated "R-Rule-22, which states:  Falsifying or omitting pertinent information on any Company record.  With regards to employment application, the rule shall be one year from the initial application unless unusual circumstances exist."

15.   Ms. Petty quoted such language despite the fact that the Collective Bargaining Agreement ("CBA") covering the time period August 5, 2005 to August 8, 2009 substantively changed R-Rule-22 to state "The company can no longer go back more than one year for falsification or omissions on employment applications."

16.   Importantly, Ms. Petty submitted a declaration to this Court signed under penalty of perjury stating that she had attached "Defendant's Standards of Conduct R-22 [that] states: "Falsifying or omitting pertinent information on any Company record.  With regards to employment application, the rule shall be one year from the initial application unless unusual circumstances exist."  However, the documentation that she attached to her declaration actually stated "Seniority will be

broken and lost, and employment shall cease for the following reasons: . . . h. Falsifying or omitting pertinent information on any Company record, with regards to employment application, the rule shall be one (1) year from hire date." Thus removing the language "unless unusual circumstances exist." Furthermore, in documentation distributed to NUMMI employees, the union informs employees of a substantive change to the CBA regarding seniority. The document states "The company can no longer go back more than one year for falsification or omissions on employment applications."

17. Mr. Ellis sent multiple letters to Ms. Petty, NUMMI, and his union explaining the circumstances surrounding his name change and certified copies of his Alameda County criminal record. His criminal record states that Alameda County "do[es] not show a conviction . . . for any of the above charges," to wit, assault with a deadly weapon, credit card fraud, sexual assault, or home invasion. Mr. Ellis repeatedly requested a review of his termination based on these facts.

18. In these appeals to NUMMI to investigate the issue, Mr. Ellis explained why he did not falsify or omit any information in his application – He used the name "Edwards" for sixteen years and he had never used a name other than "Edwards" with NUMMI or any agency, organization or company affiliated with NUMMI in any regard. He also quoted from the CBA regarding the rule that took effect in 2005 stating that NUMMI could no longer terminate employees for falsifying or omitting pertinent information on an employment application over a year from the date of application. NUMMI has never been prejudiced by Mr. Ellis' use of the name "Edwards," rather they have used it to terminated Mr. Ellis while he was receiving disability payments from their insurance company.

19. Mr. Ellis is informed and believes and thereupon alleges that NUMMI's workers' compensation insurance company, Gallagher Basset, has mistaken him for another Reginald Ellis, an African-American man around the same age who had filed workers' compensation claims during his employment with United Parcel Service ("UPS").

20. Mr. Ellis petitioned the Alameda County Superior Court in August 2007 to change his name back to "Ellis." An Alameda County Superior Court Judge granted the order on August 17, 2007, officially changing Plaintiff's name to "Reginald E. Ellis."

21.   NUMMI has never stated in its employment application, or on other company documentation, that the use of an alias qualifies as "falsifying . . . pertinent information." Furthermore, Mr. Ellis used the names "Edwards" on his employment application in 2001, and the company did not seek to enforce this interpretation of their policy until 2006, five years after the alleged "falsification or omission."   NUMMI chose to enforce this policy when Mr. Ellis was out on disability leave and receiving disability benefits.

22.   As a result of the facts stated above, Mr. Ellis immediately filed a union grievance based of these acts on May 24, 2006.  Initially, in response to Mr. Ellis' grievance, Union Representative Gabriel Sanchez stated "The Union contends that the Company has wrongfully terminated Grievant Edwards.  The Union contends that Grievant Edwards has not violated any provision of the CBA." Mr. Sanchez goes on to state that the union charged Ms. Petty "with bargaining in poor faith, for lying about her intentions to meet with Grievant Edwards about a previous case, and for not disclosing any truthful information to Grievant's Union Representative prior to the meeting on May 23, 2006."  Mr. Sanchez further "demand[s] that the Company remove Petty from her position as Assistant Manager in Labor Relations, due to her inability to bargain fairly and equitably.  The Union demands that Grievant Edwards be brought back to work immediately, and that he be made whole of all monies and benefits lost to him at once."

23.   On April 20, 2007, Earlie Mays, International Representative of the United Automobile Workers (UAW), Local 2244, sent Mr. Ellis a letter stating that UAW Local 224 was withdrawing his grievance and would not pursue arbitration with the National Labor Relations Board on his behalf.  Mr. Ellis protested this decision in writing to Mr. Mays on June 20, 2007.

24.   Mr. Ellis exhausted his administrative remedies and filed the instant action.  Defendant answered on October 29, 2007.

### FIRST CAUSE OF ACTION
### BREACH OF COLLECTIVE BARGAINING AGREEMENT
### IN VIOLATION OF LABOR MANAGEMENT RELATIONS ACT, 1947, 29 U.S.C.A. § 141
### AGAINST ALL DEFENDANTS

25.   Plaintiff realleges and incorporates by reference the above paragraphs 1 through 24 as if they were fully se forth herein.

26.   Plaintiff had a written employment contract in the form of a collective bargaining agreement.  The CBA covered the time period August 5, 2005 to August 8, 2009.  The terms of the CBA mandate that Plaintiff could not be terminated without cause.

27. The terms of the CBA mandated that an employee could not be terminated for falsification of information on the employment applications after one year from the date of the application.  The exception for "unusual circumstances" was removed.

28.   Plaintiff undertook and continued employment and duly performed all the conditions of the CBA to be performed by him. Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by him.

29.   Defendant NUMMI breached the collective bargaining agreement in violating a material provision to the contract by terminating him for an alleged falsification or omission which occurred five years prior.  Defendant NUMMI terminated Plaintiff without cause and for allegedly falsifying information regarding his convictions five years after the date of application.  Defendant NUMMI terminated Plaintiff for failing to disclose prior convictions which did not have to be disclosed on the employment application according to NUMMI's policies.

30.   As a proximate result of defendant's breach of this contract, Plaintiff has suffered and continues to suffer substantial losses in earnings, and other employment benefits which he would have received had Defendant not breached the contract, all to his substantial damage in an amount according to proof.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**AGAINST ALL DEFENDANTS**

31.  Plaintiff realleges and incorporates by reference, the above paragraphs 1 through 30 as if they were fully se forth herein.

32.   The aforesaid collective bargaining agreement contained an implied covenant of good faith and fair dealing by which Defendant NUMMI promised to give full cooperation to Plaintiff and his performance under said contract and to refrain from doing any act which would prevent or impede Plaintiff from recovering punitive damages from Defendants in an amount according to proof.

33. Defendant NUMMI breached an implied covenant of good faith and fair dealing when NUMMI wrongfully terminated Plaintiff in violation of the conditions of the contract, to which Plaintiff duly performed all the conditions required.

34. As a proximate result of Defendant NUMMI's conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings, other employment and retirement benefits, and has suffered and continues to suffer emotional distress, depression, anxiety, loss of sleep, pain, humiliation, and other symptoms all to his damage in an amount according to proof.

35. Defendant NUMMI committed these acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and malignant motive amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled recover punitive damages from defendants in an amount according to proof.

### THIRD CAUSE OF ACTION
### SLANDER IN VIOLATION OF CIVIL CODE § 46
### AGAINST ALL DEFENDANTS

36. Plaintiff realleges and incorporates by reference the above paragraphs 1 through 35 as if they were fully se forth herein.

37. During the course of Plaintiff's employment and thereafter, Defendant NUMMI and its agents made false allegations in the presence of persons other than Plaintiff that he had committed, been indicted, convicted, or punished for a crime. Defendant NUMMI and its agents made these allegations without a good faith belief in their veracity, or with the knowledge that they were false. Defendant NUMMI and its agents made these allegations in front of other NUMMI employees and Union Representative Gabriel Sanchez.

38. As a proximate result of Defendant NUMMI's conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings, other employment and retirement benefits, and has suffered and continues to suffer emotional distress, depression, anxiety, loss of sleep, pain, humiliation, and other symptoms all to his damage in an amount according to proof.

39. Defendant NUMMI committed these acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and malignant motive amounting to despicable conduct, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled recover punitive damages from defendants in an amount according to proof.

1

2

**FOURTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**AGAINST ALL DEFENDANTS**

3    40.   Plaintiff realleges and incorporates by reference the above paragraphs 1 through 39 as if

4    they were fully se forth herein.

5    41.   At all times herein relevant there was an employer/employee relationship between Plaintiff

6    and Defendant.

7    42.   California Labor Code section 923 states "[T]he public policy of this State is declared as

8    follows: . . .  In dealing with such employers, the individual unorganized worker is helpless to

9    exercise actual liberty of contract and to protect his freedom of labor, and thereby to obtain

10   acceptable terms and conditions of employment. Therefore it is necessary that the individual

11   workman have full freedom of association, self-organization, and designation of representatives of

12   his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free

13   from the interference, restraint, or coercion of employers of labor, or their agents, in the designation

14   of such representatives or in self-organization or in other concerted activities for the purpose of

     collective bargaining or other mutual aid or protection..

15   43.   In terminating Plaintiff in violation of the CBA, Plaintiff was denied the benefit of full

16   representation to which he was entitled to as a member of organized labor under Federal and

17   California law.  Furthermore, NUMMI denied Plaintiff the full protection of union representation

18   when it lied to his union representative, Gabriel Sanchez, as to the nature of the meeting which led

19   to Plaintiff's termination.

20   44.   It is a violation of the fundamental policies of the United States and California to terminate

21   an employee because of his receipt of disability benefits.  The American with Disabilities Act, 42

22   U.S.C.A. § 12101, et seq., and the Fair Employment and Housing Act, California Government

23   Code section 12940 et seq., prevent discrimination towards individuals receiving disability benefits.

24   45.   As a proximate result of NUMMI's actions, Plaintiff has suffered and continues to suffer

25   substantial losses in earnings and other employment benefits, and has suffered and continues to

     suffer emotional distress all to his damage in an amount according to proof.

26   46.   Defendant NUMMI committed these acts herein alleged maliciously, fraudulently and

27   oppressively, amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. The

28

1   acts alleged herein were known to, authorized and ratified by Defendant.  Plaintiff is thus entitled to

2   recover punitive damages from Defendant in amount according to proof.

3

4   WHEREFORE, Plaintiffs prays judgment against Defendants as follows:

5          1.     For general damages according to proof;

6          2.     For economic damages according to proof;

7          3.     For punitive damages according to proof;

8          4.     For legal fees as allowable by law;

9          5.     For costs of suit incurred;

10         6.     For whatever and further relief the court deems just and proper.

11

12   Dated: February 28, 2008        LAW OFFICES OF LAWRENCE A. ORGAN

13

14

15              By: _____

16              ALLISON J. STONE

17              Attorney for Plaintiff
                REGINALD EDWARD/ELLIS

18

19

20

21

22

23

24

25

26

27

28