SEYFARTH SHAW LLP
NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC., and DOES 1-50, inclusive.<br><br>           Defendants. | Case No. C07-05452 WHA<br><br>**DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("Defendant" or "NUMMI") hereby answers Plaintiff REGINALD EDWARD/ELLIS' ("Plaintiff") Second Amended Complaint (the "Complaint") as follows:

**INTRODUCTION**

Answering the "Introduction" section of the Complaint, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claim for breach of a collective bargaining agreement, and supplemental jurisdiction over Plaintiff's other causes of action. Defendant further admits that the allegations contained in the Complaint speak for themselves. Except as expressly admitted, Defendant denies the allegations contained in the "Introduction" section of the Complaint, and further denies any liability to Plaintiff.

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, Defendant admits that it operates an automobile manufacturing facility in Fremont California. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant admits that it is incorporated and registered to do business in California, and that its principal offices and corporate headquarters are in California. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff was previously employed by Defendant for a period of time. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4, and on that basis denies each and every such allegation.

## GENERAL ALLEGATIONS

5. Answering Paragraph 5 of the Complaint, Defendant admits the allegations contained in the third and fourth sentences of Paragraph 5. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 5, and on that basis denies each and every such allegation.

6. Answering Paragraph 6 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in the final three sentences of Paragraph 6, and on that basis denies each and every such allegation. Defendant denies each and every remaining allegation in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Defendant admits that its job application speaks for itself and that Plaintiff did not disclose any prior convictions on his job application with Defendant. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in the first two sentences of Paragraph 7, and on that basis denies each and every such allegation. Except as expressly admitted and denied, Defendant

1 denies each and every allegation contained in Paragraph 7.

2     8. Answering Paragraph 8 of the Complaint, Defendant denies each and every allegation contained in Paragraph 8.

    9. Answering Paragraph 9 of the Complaint, Defendant denies each and every allegation contained in Paragraph 9.

    10. Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation contained in Paragraph 10.

    11. Answering Paragraph 11 of the Complaint, Defendant denies each and every allegation contained in Paragraph 11.

    12. Answering Paragraph 12 of the Complaint, Defendant admits that its job application speaks for itself. Defendant further admits that Plaintiff has claimed he did not falsify any information. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 12.

    13. Answering Paragraph 13 of the Complaint, Defendant admits that Ms. Petty said to Plaintiff that she would further investigate. Defendant further admits that after Plaintiff left a meeting with Ms. Petty, Mr. Sana escorted him outside where the Fremont Police arrested him. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 13, and on that basis denies each and every such allegation.

    14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation contained in Paragraph 14.

    15. Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation contained in Paragraph 15.

    16. Answering Paragraph 16 of the Complaint, Defendant admits that the documentation attached to the declaration of Ms. Petty speaks for itself. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in the last two sentences of Paragraph 16, and on that basis denies each and every such allegation. Except as expressly admitted and denied, Defendant denies each and every allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant admits that Plaintiff repeatedly requested a review of his termination. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Defendant admits that Plaintiff purported to explain why he did not falsify or omit any information in his application. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation contained in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Defendant admits the allegations contained in the first sentence of Paragraph 21. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Defendant admits that Plaintiff filed a union grievance. Defendant further admits that the union's statements speak for themselves. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 22, and on that basis denies each and every such allegation.

23. Answering Paragraph 23 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23, and on that basis denies each and every such allegation..

24. Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff filed the instant action, and that Defendant answered a prior version of the Complaint on October 29, 2007. Except as expressly admitted, Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 24, and on that basis denies each and every such allegation.

### FIRST CAUSE OF ACTION

### BREACH OF COLLECTIVE BARGAINING AGREEMENT

25. Answering Paragraph 25 of the Complaint, Defendant hereby incorporates its

responses to Paragraphs 1 through 24 of the Complaint as though each were set forth in full herein.

26. Answering Paragraph 26 of the Complaint, Defendant admits that Plaintiff's employment with Defendant was governed by a collective bargaining agreement which covered the time period August 6, 2005 to August 8, 2009, and that the collective bargaining agreement mandated that Plaintiff could not be terminated without cause. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation contained in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained in Paragraph 30.

## SECOND CAUSE OF ACTION

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

31. Answering Paragraph 31 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 30 of the Complaint as though each were set forth in full herein.

32. Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation contained in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contained in Paragraph 34.

35. Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contained in Paragraph 35.

### THIRD CAUSE OF ACTION

### SLANDER

36. Answering Paragraph 36 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 35 of the Complaint as though each were set forth in full herein.

37. Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation contained in Paragraph 37.

38. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation contained in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained in Paragraph 39.

### FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

40. Answering Paragraph 40 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 39 of the Complaint as though each were set forth in full herein.

41. Answering Paragraph 41 of the Complaint, Defendant denies each and every allegation contained in Paragraph 41.

42. Answering Paragraph 42 of the Complaint, Defendant admits that the text of California Labor Code section 923 speaks for itself.

43. Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation contained in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, this Paragraph is comprised entirely of legal conclusions and thus requires no response from Defendant. To the extent that a response is required, Defendant admits that the laws of the United States and California contain certain protections for employees who receive disability benefits.

45. Answering Paragraph 45 of the Complaint, Defendant denies each and every allegation contained in Paragraph 45.

46. Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation contained in Paragraph 46.

## RESPONSE TO PRAYER FOR RELIEF

In response to Paragraphs 1 through 6 of Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief which he seeks in those Paragraphs.

## DEFENSES

## FIRST DEFENSE

### (Failure to State A Cause of Action)

The Complaint and each purported cause of action attempted to be stated therein fails to state facts sufficient to constitute a cause of action.

## SECOND DEFENSE

### (No Injury)

Plaintiff has sustained no injury or damages by reason of any act of Defendant.

## THIRD DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute(s) of limitations including, but not limited to, Labor Management Relations Act, 29 U.S.C. § 160(b).

## FOURTH DEFENSE

### (Any Adverse Actions Would Have Been Taken In Any Event)

The damages Plaintiff seeks are barred in whole or in part because any adverse employment actions taken by Defendant against Plaintiff would have been taken in any event.

## FIFTH DEFENSE

### (Workers' Compensation Preemption)

Plaintiff's claims are barred and preempted by the exclusivity provisions of the California Workers' Compensation Act. California Labor Code section 3600 *et seq.*

## SIXTH DEFENSE

(Good Faith)

Any statement or actions alleged by Plaintiff to have been made or done by Defendant, and upon which his causes of action are premised, and if made or done, were made or done after investigation and on the basis of reasonable grounds for belief in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and without malice.

## SEVENTH DEFENSE

(Legitimate Lawful Factors)

Plaintiff is not entitled to the relief requested because any adverse employment action(s) taken against him were based on legitimate and lawful factors.

## EIGHTH DEFENSE

(Exercise of Management Discretion)

Any and all conduct of which Plaintiff complains or that is attributed to Defendant was a just and proper exercise of management discretion on the part of Defendant undertaken for a fair and honest reason.

## NINTH DEFENSE

(Action in Accordance with Federal and State Law)

If Defendant did the acts complained of in Plaintiff's Complaint, which it denies, then such acts were privileged, justified and/or taken in accordance with federal and state law.

## TENTH DEFENSE

(Truth)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against Defendant because the alleged statements were true, or substantially true.

## ELEVENTH DEFENSE

(Libel/Slander Mitigation)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against Defendant because the alleged statements were made in good faith, honestly, and not maliciously.

### TWELFTH DEFENSE

### (Cal. Civil Code section 47(c) Qualified Privilege)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against Defendant because the alleged statements were made without malice, to a person or persons interested therein, by Defendant, who also was interested in the communication.

### THIRTEENTH DEFENSE

### (Opinions Not Statements of Fact)

Assuming *arguendo* that the allegedly defamatory statements were published, Plaintiff's defamation claim is barred in whole or in part against Defendant because the statements allegedly made were opinion, not statements of fact.

### FOURTEENTH DEFENSE

### (After-Acquired Evidence)

Plaintiff's purported claims are barred to the extent that he engaged in any fraud or misconduct which, if known, would have caused Plaintiff to be terminated, suspended, or would have caused Defendant not to hire him.

### FIFTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to back pay and/or other damages, to the extent that he has failed to seek and obtain other employment and otherwise failed to mitigate his alleged loss of wages or other damages.

### SIXTEENTH DEFENSE

### (Indemnification)

Should Plaintiff recover damages from Defendant, Defendant is entitled to indemnification, either in whole or in part, from persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any.

### SEVENTEENTH DEFENSE

**(Section 301 Preemption)**

The contract of employment under which Plaintiff purports to state claims was at all times a contract between an employer and a labor organization subject to the Labor Management Relations Act of 1947 (29 U.S.C. § 141, *et seq.*), which preemptively governs any and all of Plaintiff's purported claims under the agreement, 29 U.S.C. § 185.

### EIGHTEENTH DEFENSE

**(Failure to Exhaust Contractual Grievance Procedure)**

Each of the purported claims set forth in Plaintiff's Complaint that is expressly or impliedly based upon an alleged violation of the applicable collective bargaining agreement is barred by Plaintiff's failure to exhaust the grievance and arbitration procedure of that collective bargaining agreement.

### NINETEENTH DEFENSE

**(Arbitration as Exclusive Remedy)**

Each of the purported claims set forth in Plaintiff's Complaint is barred and preempted by the exclusivity of the arbitration provision of the collective bargaining agreement, 29 U.S.C. § 185.

### TWENTIETH DEFENSE

**(Failure to State Cause of Action for Attorney Fees)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action for attorneys' fees against Defendant.

### TWENTY-FIRST DEFENSE

**(Comparative Negligence)**

If Defendant is judged to be liable to Plaintiff, any such judgment must be reduced by an amount equal to that portion of the judgment in proportion to the comparative negligence and/or fault of the Plaintiff and/or other individuals or entities causing Plaintiff's damages.

### TWENTY-SECOND DEFENSE

**(Waiver)**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-THIRD DEFENSE

**(Estoppel)**

Plaintiff is equitably estopped from asserting the claims alleged in his Complaint because Plaintiff has, by his own conduct, intentionally induced and caused the alleged conduct of which he now complains.

### TWENTY-FOURTH DEFENSE

**(Laches)**

The Complaint as a whole and each purported cause of action alleged therein is barred in whole or in part by the doctrine of laches.

### TWENTY-FIFTH DEFENSE

**(Labor Code §§ 2854 and 2856)**

Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

### TWENTY-SIXTH DEFENSE

**(Set-Off)**

Defendant is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of Defendant or others, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

### TWENTY-SEVENTH DEFENSE

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

### TWENTY-EIGHTH DEFENSE

**(Failure to State Claim for Punitive Damages)**

Plaintiff fails to state facts sufficient to constitute a claim for punitive damages against Defendant.

### TWENTY-NINTH DEFENSE

**(Unconstitutionality of Punitive Damages)**

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

**DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES**

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this meritless case, and Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety, with prejudice;
3. That Defendant be awarded reasonable attorneys' fees, expenses, and costs of suit in an amount to be determined by the Court;
4. That Defendant be awarded interest and all sums provided by law; and
5. Such other and further relief as the Court deems proper.

DATED: April 23, 2008

SEYFARTH SHAW LLP

By: _____
Jonathan D. Martin

Attorneys for Defendant
NEW UNITED MOTOR
MANUFACTURING, INC.

SF1 28319745.1