1   SEYFARTH SHAW LLP
    NICK C. GEANNACOPULOS (State Bar No.: 114822) ngeannacopulos@seyfarth.com
2   JONATHAN D. MARTIN (State Bar No.: 188744) jmartin@seyfarth.com
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendant
    NEW UNITED MOTOR MANUFACTURING, INC.
6   (sued incorrectly herein as "NEW UNITED MOTORS
    MANUFACTURING, INC.")
7

8

9                           UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11  REGINALD EDWARD/ELLIS,              )   Case No. C07-05452 WHA
                                        )
12              Plaintiff,              )   **DEFENDANT NEW UNITED MOTOR**
                                        )   **MANUFACTURING, INC.'S**
13         vs.                          )   **OPPOSITION TO PLAINTIFF'S**
                                        )   **MOTION TO STAY**
14  NEW UNITED MOTORS                   )
    MANUFACTURING INC., and DOES 1      )   Place:  Courtroom 9, 19th Floor
15  through 13,                         )   Judge:  The Hon. William H. Alsup
                                        )
16              Defendants.             )
                                        )
17                                      )
                                        )
18                                      )
                                        )
19  _____

20          Pursuant to the Court's Order dated August 20, 2008, Defendant NEW UNITED

21  MOTOR MANUFACTURING, INC. ("NUMMI" or "Defendant") hereby responds to plaintiff

22  REGINALD EDWARD/ELLIS' ("Plaintiff") motion to stay this action.  Defendant opposes the

23  motion.

24          "[T]he power to stay proceedings is incidental to the power inherent in every court to

25  control the disposition of the causes on its docket with economy of time and effort for itself, for

26  counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  In

27  deciding whether to stay a proceeding, the court must exercise its judgment, which involves

28  weighing competing interests and maintaining an even balance. *Id.*  The party seeking a stay

                                        1

1  must establish a "clear case of hardship or inequity" if he is required to go forward, if there is

2  "even a fair possibility" that a stay would "work damage to some one else." *Id.* at 255.

3      It appears that Plaintiff is seeking a stay due to his state criminal case being on appeal.

4  While a district court may stay civil proceedings pending the outcome of parallel criminal

5  proceedings, such action is not required by the Constitution, and the court must examine the

6  particular circumstances and competing interests involved in the case. *Federal Savings & Loan*

7  *Ins. Co. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Among the factors the court should

8  consider are: (1) the extent to which the criminal defendant's Fifth Amendment rights are

9  implicated;[1] (2) the interest of the non-requesting party in proceeding expeditiously with the

10  litigation or any particular aspect of it, and the potential prejudice to the party of a delay; (3) the

11  burden which any particular aspect of the proceedings may impose on the moving party (criminal

12  defendant); (4) the convenience of the court in the management of its cases, and the efficient use

13  of judicial resources; (5) the interests of persons not parties to the civil litigation; and (5) the

14  interest of the public in the pending civil and criminal litigation. *Id.* at 902-03.

15      While courts are entitled to deference in determining whether to grant a stay, they

16  "cannot abdicate our [role] . . . to prevent the ossification of rights which attends inordinate

17  delay." *Yong v. Immigration & Naturalization Svc.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (citation

18  omitted). Accordingly, the court should balance the length of the stay against the strength of the

19  justification given for it. If a stay is especially long or its term is indefinite, the party seeking the

20  stay must make a greater showing to justify it. *Id.*

21      In the present case, Plaintiff does not come close to making an adequate showing for

22  entitlement to a stay. Indeed, he does not even explain clearly why he wants or needs a stay. He

23  submits his (unsworn) version of certain alleged facts, and states that he is in prison due to an

24  "error" by the judge in his state criminal case and that his release date is January 25, 2010. He

25  asserts that his case is currently on appeal in the state appellate court and that he wants the

26  _____

27  [1]    A criminal defendant has no absolute right not to be forced to choose between testifying
in a civil matter and asserting his Fifth Amendment privilege in a criminal matter. *Keating v.
Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1994). In the present motion, Plaintiff

28  makes no mention of any Fifth Amendment rights.

1    present case "delayed" unless it is settled. Nothing in his request indicates what the purpose of a

2    stay would be, or how he would be prejudiced if he is not granted a stay. He also does not

3    indicate how long a stay he wants; it appears that he wants this case stayed while his state appeal

4    is pending, but it is unclear how long that will be. Further, Plaintiff makes absolutely no

5    showing of any likelihood that the appeal will be decided in his favor, or even that the outcome

6    of the appeal will have any bearing on the present case.

7         In fact, Defendant will be unduly prejudiced if it is forced to endure the type of open-

8    ended delay Plaintiff now seems to be seeking. This case is set for trial on January 26, 2009 and

9    the non-expert discovery cutoff is October 31, 2008. Defendant is in the process of preparing its

10   defense of the case and has a right to have its defense heard in a timely manner. Defendant

11   intends to present witnesses in support of its defense, and any delay in the case will increase the

12   possibility of witnesses' memories fading, or witnesses becoming unavailable. Further, judicial

13   economy will not be at all served by a delay. The Court's workload will not be reduced because

14   the outcome of plaintiff's state appeal will not necessarily lead to the present case going away. It

15   will simply be delayed. Further, the Court will presumably have to change the deadlines in the

16   case, as well as the trial date. That creates more work for the Court. *Cf. Warfield v. Gardner*,

17   2006 U.S. Dist. LEXIS 54123 (D. Ariz. August 3, 2006) (rejecting request for stay of civil case

18   pending result of criminal proceeding; court determined that stay would not reduce its workload,

19   would disrupt the court's calendar by indefinitely postponing trial, would create a risk of fading

20   memories and witness unavailability, and would prejudice non-requesting party).

21        Simply put, Plaintiff does not establish that the balancing of the competing interests in

22   this case requires that the case be stayed. He does not state how he will be prejudiced absent a

23   stay, while Defendant will certainly be prejudiced by a stay. He cites no public interest that

24   ///

25   ///

26   ///

27   ///

28   ///

Defendant's Opposition to Plaintiff's Motion to Stay – Case No. C07-05452 WHA

1    would be advanced by a stay. Accordingly, for the reasons stated herein, Defendant requests that

2    Plaintiff's motion for a stay be denied.

3    DATED: August 27, 2008                              SEYFARTH SHAW LLP

4

5    By: _____
                                                          Jonathan D. Martin

6
                                                          Attorneys for Defendant
7                                                         NEW UNITED MOTOR
                                                          MANUFACTURING, INC.
8                                                         (sued incorrectly herein as "NEW UNITED
                                                          MOTORS MANUFACTURING, INC.")
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    SF1 28332853.1

4

Defendant's Opposition to Plaintiff's Motion to Stay – Case No. C07-05452 WHA

1

**PROOF OF SERVICE**

2      I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,
3   San Francisco, California 94105. On August 27, 2008, I served the within documents:

4      **DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

5

6   ☐   I sent such document from facsimile machine (415) 397-8549 on August 27, 2008. I
certify that said transmission was completed and that all pages were received and that
a report was generated by facsimile machine (415) 397-8549 which confirms said
7       transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
8       parties listed below.

9   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at San Francisco, California addressed as set
10      forth below.

11  ☐   by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.
12

13  ☐   by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Federal Express envelope with postage paid on account and
deposited with Federal Express at San Francisco, California, addressed as set forth
14      below.

15

16  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.

17      Reginald E.Ellis
G198-49
18      San Quentin Prison
San Quentin, CA 94964
19

20      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
21  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
22  meter date is more than on day after the date of deposit for mailing in affidavit.

23      I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

24      Executed on August 27, 2008, at San Francisco, California.

25

26                                          Denise L. Quintana

27

28