IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD EDWARD/ELLIS,

    Plaintiff,

  v.

NEW UNITED MOTORS
MANUFACTURING INC.,

    Defendant.
                                     /

No. C 07-05452 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO STAY**

Plaintiff Ellis moved to stay this labor action. In an unsworn statement, he makes the following claims. It is unclear what Plaintiff Ellis is trying to say in his statement. He says that his incarceration is directly related to his lawsuit because defendant (and "carrier Gallagher-Bassett") have been "trying to violate [his] probation and destroy [his] 01-09-06 workers-comp claim as well as [his] wrong-ful [sic] termination law-suit [sic] #C 07-05452-WHA."

He says that Gallagher-Bassett accused him of working at Menlo Park's United Parcel Service sometime in 2006. This information was forwarded to the district attorney's office. "After trying to prosecute him for months it turned out to be another gentlemen [sic] named Reginald Ellis."

In June 2007, Gallaher-Basset then sent a letter to the district attorney, judge, and probation officer requesting that the court "violate [his] probation" on the grounds that Plaintiff Ellis attended a medical exam and the doctor did not change his name during the exam. His name change was delayed until he had obtained a legal court order approving of such a change.

After the petition was granted, the district attorney then charged him with perjury and "tried to violate [his] probation in Hayward Superior Court." The court concluded that Plaintiff Ellis did not commit perjury.

He then claims that, around November 2007, Gallagher-Bassett stole a bag of garbage, which contained old documents from 2006 or earlier, from behind a locked gate from his friend's home in Pleasanton, California. Gallagher-Basset went to the district attorney again, which resulted in Plaintiff Ellis being charged with "several felonies all related to [his] law-suit [sic] against New United Motors." All charges were dismissed in June 2008. During his probation hearing, "the judge ERRORED [sic] by using [his] dollar amount, in [his] civil suit to justify sending [him] to prison for 4 yrs." Plaintiff Ellis is now challenging this alleged error in the state appellate court.

Plaintiff Ellis says that he had a back injury dating back to January 2006, which the state medical examiner purportedly concluded to be a "legitimate injury." According to plaintiff, Gallagher-Basset continues to frustrate the facts and his attempts to pursue his workers-compensation claim and current lawsuit.

Without giving a coherent justification, he requests, "At this point I would like my law-suit [sic] delayed unless Nummi and I reach an agreement prior to any deadlines or trial dates. This request is for good faith concerning my probation appeal being heard and rules on by the First District of Appeals."

From plaintiff's rambling letter, it appears that he requests a stay because his state criminal case is on appeal. "While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any

1  particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which
2  any particular aspect of the proceedings may impose on defendants; (3) the convenience of the
3  court in the management of its cases, and the efficient use of judicial resources; (4) the interests
4  of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil
5  and criminal litigation." *Id.* at 902–03.

6      This order does not find that a stay is warranted. As it is unclear what Plaintiff Ellis's
7  criminal action is about, this order cannot comment on the burden on his fifth amendment
8  privilege. The other factors favor denying plaintiff's request for a stay. Defendant has an
9  interest in proceeding expeditiously. Trial is set for January 26, 2009, and the non-expert
10 discovery cutoff is October 31, 2008. Defendant has been preparing its defense and risks the
11 possibility of witnesses' memories fading or witnesses becoming unavailable. The court has an
12 interest in clearing its docket and not changing its trial deadlines. Moreover, it is not clear that
13 any aspect of this civil matter will be helped by a stay; instead, the only result would be further
14 delay. Plaintiff does not even say how long the delay would be, nor does he explain the merits
15 of the criminal matter, the likelihood of the appeal being decided in his favor, or how the
16 outcome of the criminal proceeding would affect the instant action. Accordingly, plaintiff's
17 request for a stay is **DENIED**.

19     **IT IS SO ORDERED.**

21 Dated: September 2, 2008.

                                      WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

3