IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD/ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>NEW UNITED MOTORS<br>MANUFACTURING INC.,<br><br>Defendant.<br>_____ / | No. C 07-05452 WHA<br><br>**ORDER RE PLAINTIFF'S SECOND MOTION TO STAY AND RE DEFENDANT'S REQUEST FOR LEAVE TO CONDUCT A DEPOSITION** |

Two matters are currently pending in this *pro se* employment action. Plaintiff has filed a second motion to stay his employment action pending the outcome of an appeal in his criminal case. Defendant has filed an administrative request for leave to conduct a deposition of plaintiff who, defendant indicates, is currently incarcerated at the San Quentin jail.

Plaintiff had filed an earlier motion for a stay in August. The Court interpreted that motion as based on plaintiff's Fifth Amendment rights and, in a September 2 order, denied the request because plaintiff did not explain how his civil lawsuit jeopardized his Fifth Amendment rights (Dkt. No. 49). The basis for plaintiff's second motion is unclear. Although the motion is difficult to interpret, it appears that plaintiff's pending criminal appeal concerns a decision that he violated his probation. He requests a stay of his employment lawsuit pending the outcome of that appeal. Plaintiff explains that his criminal appeal is "directly related to his labor action lawsuit discovery evidence," and asserts due-process rights under the Fourteenth Amendment. Plaintiff does not further explain how plaintiff's own civil case will jeopardize his rights in his

1  appeal of a probation decision. Citing *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d
2  899, 902–03 (9th Cir. 1989), the September 2 order set forth the factors courts consider when
3  faced with a motion to stay a civil lawsuit pending related criminal proceedings:

> A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

The Court is no better able to assess how this lawsuit jeopardizes plaintiff's rights (due process, the right against self incrimination, or otherwise) than it was in the September order; plaintiff has not explained what the issues are in his criminal appeal nor how precisely his rights will be jeopardized.[1] As before, the remaining factors weigh in favor of denying the stay: the discovery cutoff and trial dates are near, defendant has been preparing its defense, and the risk of witnesses' memories fading or witnesses becoming unavailable in the course of the requested six-month stay remains. Moreover, unlike in *Molinaro*, where the *defendant* sought a stay of a civil action against him, here *plaintiff* chose to bring this lawsuit. The Court is not inclined to prejudice defendant absent a clear reason to do so, and plaintiff has provided none. Plaintiff's motion for a stay is therefore **DENIED**.

Defendant requests leave to depose plaintiff in prison. FRCP 30(a)(2)(B) states:

> (a) **When a deposition may be taken**.
> \* \* \*
> (2) **With Leave**. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> \* \* \*
> (B) if the deponent is confined in prison.

---

[1] Plaintiff has attached what appears to be a letter from his attorney discussing the criminal appeal, but due to the poor quality of the photocopy, much of the letter is illegible.

Defendant has served interrogatories on plaintiff and plaintiff has responded to those interrogatories, but under FRCP 30(a)(2) defendant has a right to depose plaintiff in order to prepare a thorough defense to plaintiff's claims. Good cause appearing, defendant's motion for leave to depose plaintiff is **GRANTED**. The San Quentin State Prison shall allow for the deposition of plaintiff at a date and time that is mutually convenient for defendant and the prison, but no later than October 31, 2008. The prison shall provide appropriate security personnel and a reasonable space for the deposition, allowing for the presence of defendant's counsel, a representative of defendant if defendant chooses to have one present, a stenographer or court reporter, plaintiff, and the security personnel.

**IT IS SO ORDERED.**

Dated:  October 22, 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE